ORIGINAL

CARY T. TANAKA        4858-0
Attorney at Law
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885

Attorney for Defendant
HAROLD UEHARA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 5 2006

at 11 o'clock and 05 min. A M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALLAN RIVERS, in his individual and official capacity; TWO UNKNOWN POLICE OFFICERS, in their individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE, in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 04-00535 DAE BMK<br><br>DEFENDANT HAROLD UEHARA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND COMPENSATORY AND AND PUNITIVE DAMAGES FILED ON NOVEMBER 10, 2005; DEMAND FOR TRIAL BY JURY; CERTIFICATE OF SERVICE<br><br><br><br>TRIAL DATE:  January 23, 2007 |

DEFENDANT HAROLD UEHARA'S ANSWER TO FIRST AMENDED
COMPLAINT FOR DECLARATORY RELIEF AND COMPENSATORY
AND PUNITIVE DAMAGES FILED ON NOVEMBER 10, 2005

Comes now Defendant HAROLD UEHARA ("this Defendant"), by his attorney, and, for answer to the First Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages ("Complaint") filed herein, alleges and avers as follows:

FIRST DEFENSE:   (Failure to State a Claim)

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

SECOND DEFENSE:   INTRODUCTORY PARAGRAPHS:

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 1 through 6, except that he:

   a. denies the allegations set forth in Paragraphs 1, 3, 4, 5, and 6 insofar as they may pertain to this Defendant and further specifically denies that any wrongful and/or negligent conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

SECOND DEFENSE: JURISDICTION AND VENUE:

2. This Defendant realleges and incorporates herein by reference is responses to Paragraphs 1 through 6, inclusive.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 7 and 8 of the Complaint.

SECOND DEFENSE: PARTIES:

4. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 8, inclusive.

5. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 9 through 21, except that he:

    a. admits that the City and County of Honolulu is a municipality located in the State of Hawaii as alleged in Paragraph 16;

    b. admits that he was a Sergeant in the Honolulu Police Department as alleged in Paragraph 13;

    c. specifically denies any and all allegations of wrongful acts on his part, and further specifically denies that any alleged wrongful acts on his part was the proximate cause of the incident, injuries, and/or damages as set forth the Complaint.

SECOND DEFENSE: FACTUAL SUMMARY:

6. This Defendant realleges and incorporates herein by reference his responses to Paragraphs 1 through 21, inclusive.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraphs 22 through 78, except that he:

   a. denies the allegations set forth in Paragraphs 23, 29, 31, 33, 35, 36, 37, 41, 43, 44, 46, 50, 52 through 64, and 69 through 78, insofar as they may pertain to this Defendant and further specifically denies that any alleged wrongful conduct on his part was the proximate cause of the incident, injuries, and/or damages as set forth in the Complaint.

   b. specifically denies any and all allegations of assault, battery, false imprisonment, conspiracy, negligence, carelessness, malicious, intentional and/or wanton conduct, violation of Plaintiff's constitutional rights, and any other alleged wrongful acts on his part, and further specifically denies that any alleged assault, battery, false imprisonment, conspiracy, negligence, carelessness, malicious, intentional and/or wanton conduct, violation of Plaintiff's constitutional rights, and any other alleged wrongful acts on his part was the proximate cause of the incident, injuries, and/or damages as set forth the Complaint.

THIRD DEFENSE: (Good Faith Without Malice)

If this Defendant acted as alleged, then this Defendant acted in good faith and belief and without malice in the performance of his duties.

FOURTH DEFENSE: (Reasonable Use of Force)

If Plaintiff sustained the injuries and/or damages alleged in the Complaint, those injuries and/or damages were the result of the reasonable use of force.

FIFTH DEFENSE: (Execution of Public Duty)

If Plaintiff sustained the injuries and/or damages alleged in the Complaint, those injuries and/or damages were the result of the proper execution of public duty.

SIXTH DEFENSE: (No Official Policy, Pattern and Practice of Custom)

The acts of this Defendant did not constitute an official policy or persistent pattern and practice or custom.

SEVENTH DEFENSE: (No Causal Link)

If there is a policy, pattern and practice or custom and if there is a constitutional deprivation, there was no causal connection between the two.

EIGHTH DEFENSE: (Lawful, Proper and Reasonable Conduct)

The conduct of this Defendant was lawful, proper and reasonable.

NINTH DEFENSE:    (No Malice, Wanton Neglect, Recklessness or Gross Negligence)

The conduct of this Defendant was without malice, wanton neglect, recklessness, or gross negligence.

TENTH DEFENSE:    (No Policy, Custom or Usage)

The Complaint fails to allege an unconstitutional policy, custom or usage.

ELEVENTH DEFENSE:    (Self-Defense)

This Defendant gives notice that he may rely on the defense of self-defense.

TWELFTH DEFENSE:    (Justification)

This Defendant gives notice that he may rely on the defense of justification.

THIRTEENTH DEFENSE:    (Failure to Mitigate Damages)

Plaintiff may have failed to mitigate his damages.

FOURTEENTH DEFENSE:    (Attorney's Fees, Costs, Interest)

Plaintiff is not entitled to an award of attorney's fees, costs of suit, and interest.

FIFTEENTH DEFENSE:    (Assumption of Risk)

Plaintiff willingly, knowingly, and/or voluntarily assumed the risk of the incident and/or any injuries or damages he may have sustained as alleged in the Complaint.

SIXTEENTH DEFENSE:    (Not a Substantial Factor)

This Defendant was not a substantial factor in causing the incident, injuries, and/or damages alleged in the Complaint.

SEVENTEENTH DEFENSE:  (Laches, Waiver and/or Estoppel)

Plaintiff's claims may be barred by the operation of the doctrine(s) of laches, waiver, and/or estoppel.

EIGHTEENTH DEFENSE:  (Failure to Name Indispensable Party)

Plaintiff may have failed to name or join certain necessary and/or indispensable party or parties to this action.

NINETEENTH DEFENSE:  (Comparative Negligence)

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of Plaintiff.

TWENTIETH DEFENSE:  (Qualified Immunity)

This Defendant intends to rely upon the defense of qualified immunity.

TWENTY-FIRST DEFENSE:  (Qualified Privilege)

This Defendant intends to rely upon the defense of qualified privilege.

TWENTY-SECOND DEFENSE:  (Reservation of Defenses)

This Defendant reserves his right to set forth further defenses which discovery may deem appropriate.

WHEREFORE, this Defendant prays that:

A.  The Complaint herein be dismissed and he be given his costs and attorney's fees;

B.  If it be determined that this Defendant and Plaintiff were negligent with respect to the events described in the

Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31 of the Hawaii Revised Statutes, as amended, and judgment be rendered accordingly;

    C.  This Defendant be given such other and further relief as this Court deems just.

    DATED: Honolulu, Hawaii, January 24, 2006.

_____
CARY T. TANAKA
Attorneys for Defendant
HAROLD UEHARA