IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SOUZA, | CIVIL NO. CV 04-00535 DAE BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | |
| vs. | MEMORANDUM IN SUPPORT |
| | |
| CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity; ALLAN RIVERS, in his individual and official capacity; TWO UNKNOWN POLICE OFFICERS, in their individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | |
| | |
| Defendants. | |

## MEMORANDUM IN SUPPORT

The above-named Plaintiff, by and through his attorneys, brings this motion to amend pursuant to Federal Rules of Civil Procedure, Rule 15(a).

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no

responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Plaintiff originally commenced this action pursuing claims against the known and unknown officers who assaulted him at a bar on the evening in question.

Plaintiff now seeks to amend his complaint to include two additionally officers. Plaintiff learned their identity though discovery.

The Ninth Circuit has repeatedly emphasized, "We have stressed Rule 15's policy of favoring amendments, and we have applied this policy with liberality." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989). Thus, leave in this case must be freely given.

Defendants have the burden of proving bad faith, undue delay, prejudice to the opposing party and the futility of the proposed amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 186, 187 (9th Cir. 1987).

There can be no bad faith asserted by Defendants against Plaintiff for Plaintiff wishing to amend the complaint to add two unknown officers at the time of filing the original and first amended complaint **(Rick S.Y. Yi and August C. Belden)**. Plaintiff is simply pursuing the full panoply of remedies available to him through Congressional legislation, Section 1983. Fairness demands the complaint be

4

amended to include these two unknown officers at the time of filing the original and first amended complaint.

There has been no undue delay and/or prejudice to the Defendants as Plaintiff brings this motion for leave to amend only 3 months after the Rule 16 scheduling conference. Discovery has only now commenced. Jury Trial date is not until January 23, 2007, 11 months away. Penalties are available against the two additional officer defendants but, since these two officers were unknown by name, plaintiff was unable to plead them in the original complaint or first amended. Rather than bringing yet another action against the defendants it is sensible, prudent and judicially economical to amend the complaint. Accordingly plaintiff must be allowed to amend his complaint.

There is no futility of amendment. Judge Ezra has already noted at previous motions heard that there are triable issues of fact as to the individual officers' liability for plaintiff's injuries.

Plaintiff must be allowed to amend the complaint to include two officers **(Rick S.Y. Yi and August C. Belden)** who until discovery were unknown by name, and plaintiff was unable to plead them in the original complaint or first amended complaint. See Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004)(considering possibility that civil rights plaintiffs may have unusual problem of not knowing precisely who relevant actors were and should therefore have access to some initial

5

discovery).

Rule 7(b) does not require a copy of the proposed amendment when the motion adequately describes the contemplated revision.

DATED:   Honolulu, Hawai'i, February 10, 2006.

                                          /s/
                              SHAWN A. LUIZ
                              Attorney for Plaintiff
                              ROBERT SOUZA