CARRIE K.S. OKINAGA, 5958
Corporation Counsel
MOANA A. YOST, 7738
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 523-4065
Facsimile: (808) 523-4583
e-mail: myost@honolulu.gov

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 2 2006

at 8 o'clock and 50 min. A M
SUE BEITIA, CLERK

Attorneys for Defendants City and County of Honolulu;
Alan Rivers

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALLAN RIVERS, in his individual and official capacity; TWO UNKNOWN POLICE OFFICERS, in their individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. CV04 00535 DAE BMK<br>(Other Civil Rights)<br><br>STIPULATED PROTECTIVE ORDER; EXHIBIT "A"<br><br>**LODGED**<br>FEB 2 8 2006<br>16:305<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF HAWAII |

## STIPULATED PROTECTIVE ORDER

Plaintiff Robert Souza ("Plaintiff") and Defendants City and County of Honolulu ("City"), Alan Rivers, and Harold Uehara, by and though their respective attorneys of record, and in accordance with Rule 29 of the Federal Rules of Civil Procedure, hereby stipulate and agree to be bound by the following terms of this Stipulated Protective Order ("Stipulated Order").

1.    Confidential Documents.  Each and every confidential document produced by a party in connection with this litigation shall be kept confidential and used solely and exclusively for the purposes of this litigation in accordance with the provisions of this Stipulated Order, and shall not be used for any other purpose whatsoever; including, without limitation, any other legal action, judicial or administrative proceedings, or any business matter or transaction, without the express and written consent of the party owning the document (the "Owner Party").  A "Confidential Document" is any document or material designated as "Confidential" by an Owner Party who or which believes in good faith that the document or material contains confidential proprietary and/or sensitive information.  A Confidential Document or Confidential Information, as defined below, shall be deemed "owned" by the party from whom it originated, or by the party who created it or any portion of it, and/or any other party that has a proprietary interest in it.

Production of a Confidential Document and/or Confidential Information in response to a party's discovery request shall not be deemed as a waiver to any and all objections made in responding to the discovery request.

2.    <u>Confidential Information</u>.  Each and every Confidential Document produced by a party to this litigation, the information contained therein, any material prepared from or based upon such Confidential Document, and/or any testimony related thereto is hereby deemed "Confidential Information."  Any such Confidential Information shall be disclosed or disseminated only to "Qualified Persons" as defined herein.

3.    <u>Restrictions on Use and Dissemination</u>.  Qualified Persons who receive or review Confidential Information shall keep such information confidential to themselves and shall not further disseminate nor disclose it other than as provided herein.  Confidential Information shall not be used for any commercial, business, competitive or other purposes for any reason whatsoever, or in or for any other judicial administrative proceedings, disputes or cases.

4.    <u>Filing of Confidential Information</u>.  All Confidential Information with the Court shall, upon prior application to and approval by the Court, be filed in sealed envelopes bearing the caption of this litigation and prominently displaying the words "CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO STIPULATED PROTECTIVE ORDER".

5.    <u>Restrictions on Copying</u>.  No person shall make or permit the making of more copies of any Confidential Information than are reasonably necessary for the prosecution or defense of this litigation.

6.    <u>Restrictions on Disclosure</u>.  "Qualified Persons" to whom Confidential Information may be disclosed include only the following:

(a)    The Plaintiff, the City and its employees, Alan Rivers and Harold Uehara (hereinafter collectively referred to "the parties");

(b)    Inside or outside counsel for the parties, including members of such attorneys' staff (e.g., paralegals, legal secretaries and law clerks) and copying services;

(c)    Representatives of insurance companies that may provide defense or indemnification for this litigation;

(d)    Experts or consultants retained by the parties in this litigation;

(e)    Deponents in this litigation in accordance with this Order;

(f)    Prospective witnesses who, in the judgment of counsel for a party, require the Confidential Information for the purpose of preparing their testimony;

(g)    The Court and court personnel, including court reporters and court staff needed to copy and arrange the documents;

(h)    Any mediators and/or other neutral parties mutually selected by the parties; and

(i)    Court reporters selected by the parties, including any persons operating video equipment when the use of such equipment may be used pursuant to the Federal Rules of Civil Procedure.

7.    <u>Non-Disclosure Certificate</u>.  Before any Qualified Person, except those referred to in subparts (a), (b), (c), (g) and (h) of paragraph 6 above may receive Confidential Information, that Qualified Person shall agree to be bound by the provisions of this Stipulated Order and shall evidence such agreement by executing a copy of the Non-Disclosure Certificate attached hereto as Exhibit "A".  Counsel who discloses Confidential Information to a Qualified Person shall be responsible for its execution of the Non-Disclosure Certificate and shall retain the Qualified Person's original executed Non-Disclosure Certificate. Said Qualified Person shall retain a copy of this Stipulated Order and his or her executed Non-Disclosure Certificate.

8.    <u>Designation of Deposition Testimony</u>.  Counsel for any party may designate deposition testimony or exhibits as Confidential Information by indicating on the record at the deposition that the testimony of the deponent or any

exhibits to his or her testimony are to be treated as confidential.  Failure of counsel

to designate testimony or exhibits as confidential at this deposition, however, shall

not constitute a waiver of the confidentiality of the testimony or exhibits, if such

testimony or exhibits are designated as confidential within thirty (30) days after

receipt of the transcript of the deposition.  To maintain the confidentiality of any

deposition testimony or exhibits designated as Confidential Information in

accordance with the terms of this Stipulated Order, counsel for the party on whose

behalf the designation is made (the "Designated Party") and the court reporter who

transcribes the deposition testimony, shall make reasonable arrangements, which

may include the marking of transcript pages, covers or exhibits, and measures to

limit the availability of the Confidential Information to other than Qualified

Persons.

       9.    <u>Attendance at Depositions</u>.  No person shall attend those

portions of any deposition at which Confidential Information is discussed or

utilized as an exhibit, unless such person is a Qualified Person as defined herein

and has executed a copy of the Non-Disclosure Certificate attached hereto as

required by paragraph 8.

       10.    <u>Subsequent Parties</u>.  Confidential Documents and/or

Confidential Information shall not be disclosed and/or produced to any subsequent

party to this litigation whether through formal or informal discovery requests

unless the subsequent party agrees to be bound by the terms and conditions of this Stipulated Protective Order.

11.    Return of Confidential Information.  Within thirty (30) days of the final determination of this litigation, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any person who is in possession of Confidential Information shall return such Confidential Information to its Owner Party or destroy it.

12.    Inadvertent Disclosure.  If any confidential document or other material subject to a privilege or a legal prohibition against disclosure is or has been inadvertently disclosed to a party or Qualified Person without appropriate designation, the fact of disclosure shall not constitute a waiver of the terms of this Stipulated Order any applicable privilege or legal prohibition against disclosure. Upon notification by the person who inadvertently disclosed such document or material, the person to whom it was disclosed shall either (a) immediately return it, including any copies thereof, to the person who inadvertently disclosed it, and shall destroy any notes or work product concerning the material; or (b) if the person to whom such document or material was inadvertently disclosed disagrees with the person's claim of privilege or legal prohibition against disclosure, not use such document or material until allowed to do so by Court order.  In any such dispute, the party seeking the return of the document or material shall have the burden of

making the motion to establish entitlement to its return and the preclusion of the receiving party's utilization of the Confidential Document and/or Confidential Information.

13.    Rights of Owner.  This Order is entered without prejudice to the right of any person to use or allow the use of any Confidential Information owned by that person in any manner that person deems appropriate.

14.    Declassification.  Nothing in this Stipulated Order shall be deemed to waive a party's right to challenge the designation of documents or information as Confidential.  Before seeking court intervention, the challenging party shall first notify the Owner Party or Designating Party of the basis of the challenge.  The complaining party and Owner or Designating Parties shall then in good faith meet and confer in an effort to resolve the issue without court intervention.  If no amicable resolution can be reached, a motion to compel declassification may be made by the complaining party.  The proponent of confidentiality has the burden of showing good cause for the document, deposition transcript excerpt, brief or other information to be classified as confidential.

15.    Pretrial Hearings.  Prior to the use at any pretrial hearing in this action of any Confidential Information, any party who desires to use such Confidential Information shall take reasonable steps to afford opposing parties the opportunity to object to disclosure of Confidential Information in open court.

16.    Use at Trial.  Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial of this Civil Action, provided that the Owner Party or Designating Party is given twenty (20) days notice thereof, or such other notice as is practicable under the circumstances, but no less than five (5) days if such notice is provided prior to the commencement of trial or after trial has been completed; and no less than two (2) business days if such notice is provided during trial.  The Owner Party or Designating Party may move the Court for an Order that the evidence be reviewed in camera or under such other conditions so as to prevent unnecessary disclosure.  The Court will then determine whether the offered evidence should continue to be treated as Confidential Information and if so, what protection, if any, may be afforded to such information at trial.

17.    Survival of Order.  This Stipulated Order shall survive the final conclusion of this litigation shall continue in full force and effect.  The Court shall retain jurisdiction over the parties, any other person bound by this Stipulation, and to enforce its terms as an Order of Court.

/

/

/

18.    <u>Violation of Order</u>.  All persons bound by this Stipulated Order are hereby notified that if this Stipulation and Order is in any manner violated, the person or entity that commits such violation shall be subject to such sanctions as the Court deems just.

DATED:  Honolulu, Hawaii, February 28, 2006
_____.

_____
SHAWN LUIZ, ESQ.
Attorney for Plaintiff
Robert Souza

_____
MOANA A. YOST
Deputy Corporation Counsel
Attorney for Defendants
City and County of Honolulu;
Alan Rivers

_____
CARY T. TANAKA, ESQ.
Attorney for Defendant
Harold Uehara

APPROVED AND SO ORDERED:

_____
JUDGE OF THE ABOVE-ENTITLED COURT

18.     <u>Violation of Order</u>.  All persons bound by this Stipulated Order are hereby notified that if this Stipulation and Order is in any manner violated, the person or entity that commits such violation shall be subject to such sanctions as the Court deems just.

DATED:  Honolulu, Hawaii, February 28, 2006
_____.

_____

SHAWN LUIZ, ESQ.
Attorney for Plaintiff
Robert Souza

_____

MOANA A. YOST
Deputy Corporation Counsel
Attorney for Defendants
City and County of Honolulu;
Alan Rivers

_____

CARY T. TANAKA, ESQ.
Attorney for Defendant
Harold Uehara

APPROVED AND SO ORDERED:

_____

JUDGE OF THE ABOVE-ENTITLED COURT