IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | CIVIL NO. CV04-00535 DAE/KSC (Other Civil Rights) |
| Plaintiff, | |
| vs. | MEMORANDUM IN SUPPORT OF MOTION |
| CITY AND COUNTY OF HONOLULU; HAROLD UYEHARA, in his individual and official capacity, ALLAN RIVERS, in his individual and official capacity; TWO UNKNOWN POLICE OFFICERS, in their individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE, in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

Plaintiff ROBERT SOUZA (hereinafter "Plaintiff")'s Complaint for Declaratory Relief and Compensatory and Punitive Damages; Demand for Jury; Summons, was filed on September 3, 2004. Defendants Tavern 515, Inc. d.b.a. Club Yurakucho and Harry Nakaki's Answer was filed on November 4, 2004. Plaintiff alleged that on August 12, 2003 he was assaulted, battered, and falsely imprisoned by Honolulu Police Sergeant Harold Uyehara and Officer Alan Rivers, as well as two unknown Officers at Club Yurakucho. As a result, Plaintiff filed his Complaint pursuant to 42 USC §§ 1983, 1985 and 1986 for alleged violations of his Fourth, Sixth and Fourteenth Amendment rights.

On July 26, 2005, Defendants filed their Motion for Summary Judgment. The hearing was held on October 17, 2005. As a result, the Court granted Summary Judgment as to these Defendants by Order filed on October 17, 2005.

II.  ARGUMENT

FRCP Rule 54(b) provides as follows:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, <u>the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment</u>. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FRCP Rule 54(b). (Emphasis Added).

The trial court is vested with discretion to certify a claim under Rule 54(b) after weighing the advantage of expedited appeal against the potential for waste of judicial resources and equitable arguments for delay. *Curtiss-Wright Corp. V. General Electric Co.*, 446 U.S. 1, 8, 10 (1980). While the court may not certify a non-final claim in its discretion certify fewer than all claims in a multiple claims or parties situation. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956).

In *International Savings & Loan Association v. Woods,* 69 Haw. 11, 731 P.2d 151 (1987), the court explained that HRCP Rule 54(b) was designed to reduce as far as possible the uncertainty and the hazard assumed by a litigant when the trial court chooses to enter a judgment on one or more claims, or as to one or more parties, in a multiple-claim or multiple-party case, and there are claims yet to be determined. The rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants. *Id.* The considerations that determine finality for appeal purposes include those that pertain to the smooth functioning of our judicial system. *Id.*

As discussed in *International Savings, supra,* this Court needs to consider the availability of review at a time that best serves the needs of the litigants and smooth functioning of the judicial system in deciding whether to certify an order for appeal.

Here, it has been over a year and a half since Plaintiff filed his Complaint in this matter. Similarly, it has been nearly six months

since the Court granted Summary Judgment in favor of Defendants. Indeed, according to Rule 16 Scheduling Order, trial in this matter is set for January 23, 2007.  Accordingly, Defendants will submit that certification be proper under these circumstances.

### III.  CONCLUSION

For the foregoing reasons, Defendants Tavern 515, Inc. d.b.a. Club Yurakucho and Harry Nakaki respectfully request that this Court grant its Motion and Certify the Order Granting Defendants Tavern 515, Inc. d.b.a. Club Yurakucho and Harry Nakaki's Motion for Summary Judgment filed herein on October 17, 2005.

DATED:   Honolulu, Hawaii, ___MAR 1 3 2006___.

PAUL T. YAMAMURA
WESLEY D. SHIMAZU
Attorneys for Defendants
TAVERN 515, INC. d.b.a. CLUB YURAKUCHO AND HARRY NAKAKI