ORIGINAL

YAMAMURA & SHIMAZU
ATTORNEYS AT LAW

PAUL T. YAMAMURA          3056-0
WESLEY D. SHIMAZU         6119-0
1770 Central Pacific Plaza
220 South King Street
Honolulu, Hawai'i  96813
Telephone:     (808) 523-6969
Email:     pyamamur@gte.net
Email:     w.shimazu@verizon.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 4 2006

at ___ o'clock and ___ M
SUE BEITIA, CLERK

Attorneys for Defendants
TAVERN 515, INC. d.b.a. CLUB
YURAKUCHO and HARRY NAKAKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ROBERT SOUZA, | CIVIL NO. CV04-00535 DAE/BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | DEFENDANTS TAVERN 515, |
| vs. | INC. d.b.a. CLUB YURAKUCHO |
| | and HARRY NAKAKI'S REPLY |
| CITY AND COUNTY OF | |
| HONOLULU; HAROLD | [Caption continued on next page] |
| UYEHARA, in his individual and | |
| official capacity, ALLAN RIVERS, | HEARING: |
| in his individual and official | Date:     June 5, 2006 |
| capacity; TWO UNKNOWN | Time:     9:00 a.m. |
| POLICE OFFICERS, in their | Judge:    Hon. David A. Ezra |
| individual and official capacity, | |
| JEREMY HARRIS, in his official | |
| capacity as Mayor; LEE | Trial Date: January 23, 2007 |
| DONOHUE, in his individual and | |

official capacity as Police Chief;  )   MEMORANDUM IN SUPPORT
TAVERN 515, INC. d.b.a. CLUB      )   OF THEIR MOTION FOR RULE
YURAKUCHO, HARRY NAKAKI;  )   54(b) CERTIFICATION FILED
JOHN AND JANE DOES 1-10;          )   3/13/2006; DECLARATION OF
DOE PARTNERSHIPS 1-10; DOE )   COUNSEL; EXHIBIT "A";
CORPORATIONS 1-10; and             )   CERTIFICATE OF SERVICE
OTHER DOE ENTITIES 1-10,           )
                                                  )
                      Defendants.        )
                                                  )
                                                  )
_____  )

DEFENDANTS TAVERN 515, INC. d.b.a. CLUB YURAKUCHO and
HARRY NAKAKI'S REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR RULE 54(b) CERTIFICATION FILED 3/13/2006

## I.    BACKGROUND

This motion is intended to provide some finality for

Defendants TAVERN 515, INC. d.b.a. CLUB YURAKUCHO and

HARRY NAKAKI (hereinafter the "Club Defendants") against the

claims of Plaintiff ROBERT SOUZA (hereinafter "Plaintiff") that the

Club Defendants violated various provisions of 42 U.S.C. sections 1983,

1985 and 1986.  See Complaint for Declaratory Relief and

Compensatory and Punitive Damages (hereinafter "Complaint") filed

herein on September 3, 2004.

On July 26, 2005, the Club Defendants filed their Motion for

Summary Judgment.  On October 17, 2005, this Court filed the Order

2

Granting Club Defendants' Motion for Summary Judgment. A copy of said Order is attached hereto as Exhibit "A". Said Order noted that the Club Defendants were entitled to summary judgment because Plaintiff cannot prove that they acted under color of state law. Id. Plaintiff made no allegations of a conspiracy between the Club Defendants and the police officers or any involvement in the alleged assault, battery or false imprisonment. Id. Under the circumstances, this Court found that Plaintiff could not make out a prima facie case against the Club Defendants. Id. There is no reason to believe that the situation will change.

On May 16, 2006, the Club Defendants received Plaintiff's Opposition to Club Defendants' Motion for Rule 54(b) Certification, Filed March 13, 2006 (hereinafter "Plaintiff's Opposition"). Plaintiff's Opposition is a single page which merely states that piecemeal appeals are discouraged. Plaintiff's Opposition does not demonstrate that the present situation is similar to the cases cited by Plaintiff. As discussed below, a closer look at the circumstances of this case demonstrates that there is no just reason to delay certification of the Order Granting Club Defendants' Motion for Summary Judgment. The cases cited by Plaintiff are not persuasive in demonstrating that a just reason to delay certification exists. Further, Plaintiff does not even discuss the

3

facts of this case or provide any evidence to support denial of this motion. In fact, nothing in Plaintiff's Opposition provides a just reason to delay certification. Accordingly, the Club Defendants request that this Court grant the instant motion to provide them with much needed closure.

II.    ARGUMENT

   A.    The Club Defendants are Entitled to Certification Because A Final Order Has Been Entered.

This Court has the discretion to grant certification if it makes an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b); Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1 (1980). There is a two-prong test for certification. First, the district court must determine that the order it is certifying is a final order. See Fed.R.Civ.P. 54(b); Curtiss-Wright Corp., 446 U.S. at 7. Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case. See Fed.R.Civ.P. 54(b); Curtiss-Wright Corp., 446 U.S. at 8.

To be considered "final," an order must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-Wright Corp., 446

4

U.S. at 7 (quoting <u>Sears, Roebuck & Co.</u>, 351 U.S. at 436).   A "claim" is
generally understood to include all factually or legally connected
elements of a case.  <u>See</u> <u>Buckley v. Fitzsimmons</u>, 919 F.2d 1230, 1237
(7th Cir. 1990) (vacated on other grounds by 502 U.S. 801); <u>cf.</u> <u>Smith v.</u>
<u>Benedict</u>, 279 F.2d 211 (7th Cir. 1960) (the term "claim" refers to a
cause of action); <u>Atkins, Kroll (Guam), Ltd. v. Cabrera</u>, 277 F.2d 922,
924 (9th Cir. 1960) (the term "claim" refers to a cause of action).

Here, the Order Granting Club Defendants' Motion for
Summary Judgment is a final order with respect to Plaintiff's claims
against the Club Defendants.  The Court found that Plaintiff has
provided no evidence to show that the Club Defendants acted under
color of state law.  Exhibit A.  Plaintiff made no allegations of a
conspiracy between the Club Defendants and the police officers or any
involvement in the alleged assault, battery or false imprisonment.  <u>Id</u>.
Under the circumstances, this Court found that Plaintiff could not
make out a prima facie case against the Club Defendants.  <u>Id</u>.  Said
Order expressly stated that "the Club Defendants' motion for summary
judgment is GRANTED and the Club Defendants are dismissed from
this case."  <u>Id</u>. at 11.

Based on the Court's express findings and conclusions, it is
clear that the Order Granting Club Defendants' Motion for Summary

Judgment is a final order with respect to Plaintiff's claims against the Club Defendants. Accordingly, the first prong of the test is met.

    B.    <u>Plaintiff's Opposition Provides No Evidence to Show Just Reason to Delay Certification.</u>

    Plaintiff's Opposition provides no facts or evidence to suggest that there is just reason to delay certification.

    The Court in <u>Curtiss-Wright Corp.</u>, <u>supra</u>, stated that "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" <u>Curtiss-Wright Corp.</u>, 446 U.S. at 8 (quoting <u>Sears, Roebuck & Co.</u>, 351 U.S. at 437).

    Among the factors considered were whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment (which in that case could be years because of the complexity

6

of the remaining claims) would inflict severe financial harm.  446 U.S. at 5-6.

Here, the claims against the Club Defendants are separate, distinct, and independent of any other claims based upon the Court's finding that Plaintiff has completely failed to produce any evidence that the Club Defendants acted under color of state law or in any conspired with the police officers.  Review of the adjudicated claims will not be mooted by any future developments in the case based on Plaintiff's inadequate pleadings and failure to produce any evidence to support his claims against the Club Defendants.  There will be no need to decide the same issues more than once even if there are subsequent appeals because Plaintiff has already shown that he cannot provide evidence to support his claims against the Club Defendants.  The Court has already expressed this conclusion in the Order Granting Club Defendants' Motion for Summary Judgment which **dismissed** the Club Defendants from this case.

Under these circumstances, the Club Defendants contend that there is just reason to delay certification.  Indeed, Plaintiff has failed to provide any evidence to support denial of certification.  Accordingly, certification should be granted pursuant to Fed. R. Civ. P. 54(b) and Curtiss-Wright Corp., supra.

7

III.    CONCLUSION

       Based on the arguments and authorities cited above, the Club Defendants respectfully request that this Court grant their Motion for Rule 54(b) Certification.

       DATED:   Honolulu, Hawai'i, May 24, 2006.


                           PAUL T. YAMAMURA
                           WESLEY D. SHIMAZU
                           Attorneys for Defendants
                           TAVERN 515, INC. d.b.a. CLUB
                           YURAKUCHO and HARRY
                           NAKAKI