IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, ) | CV NO 04-00535DAE BMK |
| ) | (Other Civil Rights) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU; HAROLD ) | |
| UYEHARA, in his individual and ) | |
| official capacity; ALLAN RIVERS, ) | |
| in his individual and official ) | |
| capacity; TWO UNKNOWN ) | |
| POLICE OFFICERS, in their ) | |
| individual and official capacity, ) | |
| JEREMY HARRIS, in his official ) | |
| capacity as Mayor; LEE DONOHUE, ) | |
| in his official capacity as Police ) | |
| Chief; TAVERN 515, INC. dba ) | |
| CLUB YURAKUCHO, HARRY ) | |
| NAKAKI; JOHN AND JANE DOES ) | |
| 1-10; DOE PARTNERSHIPS 1-10; ) | |
| DOE CORPORATIONS 1-10; AND ) | |
| OTHER DOE ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANTS' MOTION FOR RULE 54(b)
CERTIFICATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' motion and the

supporting and opposing memoranda, the Court GRANTS Defendants' Motion for Rule 54(b) Certification.

## BACKGROUND

On July 26, 2005, Club Defendants moved for summary judgment as to all claims against them, on grounds that no evidence supported Plaintiff's claim. On October 17, 2005, the court granted Club Defendants' Motion for Summary Judgment, noting that Plaintiff could not prove that Club Defendants acted under the color of state law, and additionally failed to allege a conspiracy of any sort. The court's order dismissed all claims against Club Defendants. Club Defendants now seek final judgment under Federal Rule of Civil Procedure 54(b).

## STANDARD OF REVIEW

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the court may direct the entry of final judgment as to fewer than all claims or all parties "upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b).

## DISCUSSION

Rule 54(b) was designed to remedy the harsh effects that sometimes result from delayed appeals in litigation presenting multiple claims or multiple parties. It does not, however, reverse the traditional policy against piecemeal

litigation. Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980) (stating that the application of Rule 54(b) must preserve the historic federal policy against piecemeal appeals). Indeed, the Court of Appeals for the Ninth Circuit has ruled that where a similarity of legal and factual issues exists between an issue decided by the court and issues still pending in litigation, the district court should be reluctant to certify an order under Rule 54(b). Morrison-Knudsen Company, Inc. v. J.D. Archer, 655 F.2d 962, 965 (9th Cir. 1981). The district court acts as a "dispatcher" exercising its discretion to decide which dispositive decision on a claim or counterclaim in a multi-claim action should be "finalized" (i.e. made appealable) and which should be withheld pending resolution of the entire controversy. Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (1st Cir. 1988).

  In Morrison-Knudsen, the Ninth Circuit ruled that 54(b) judgments should be limited to the "unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of litigants for an early and separate judgment as to some of the claims of the parties." 655 F.2d at 965. Moreover, the Morrison-Knudsen court indicated that Rule 54(b) judgments should be limited to cases in which the intermediate judgment will be separate, distinct and independent of the remaining claims. Id. at 965-66. However, in Texaco, Inc. v. William R. Ponsoldt,

3

939 F.2d 794 (9th Cir. 1991), the Ninth Circuit retreated from the rigid requirements established in Morrison.

In Texaco, the Ninth Circuit stated that Morrison is an outdated and restrictive view of 54(b) certification. Id. at 797-98. While district courts should scrutinize cases to prevent "piecemeal appeals" in cases that should be reviewed only as single units, Rule 54(b) claims do not have to be separate from and independent of the remaining claims. Id. (noting the present trend toward greater deference to a district court's decision to certify under Rule 54(b)). As a result, the Texaco court declared that the district courts should take a pragmatic approach that focuses on severability and judicial administration: Rule 54(b) certification is proper for the purposes of (1) streamlining litigation by narrowing the issues for trial, and (2) effectively separating legal from factual questions. Id.; Curtiss-Wright, 446 U.S. at 8 (stating that a court's discretion under Rule 54(b) is to be exercised in the interests of sound judicial administration).

In the instant case, the court has dismissed all claims against Club Defendants. The court finds that it is in the interest of sound judicial administration and that there is no just reason for delay in entering final judgment as to Club Defendants. Therefore, Club Defendants' Motion for Rule 54(b)

4

Certification is GRANTED and the clerk of the court is hereby directed to enter judgment in Club Defendants' favor.

## CONCLUSION

For the reasons stated above, the court GRANTS Club Defendants' Motion for Rule 54(b) Certification.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 2, 2006.



_____
David Alan Ezra
United States District Judge

Robert Souza v. City and County of Honolulu, et al., CV No. 04-00535 DAE-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR RULE 54(b) CERTIFICATION