CARRIE K.S. OKINAGA, 5958
Corporation Counsel

MOANA A. YOST, 7738
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4065
Facsimile:   (808) 523-4583
e-mail:  myost@honolulu.gov

Attorneys for Defendants
City and County of Honolulu
Alan Rivers

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | Civil No. CV04 00535 DAE BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | |
| vs. | DEFENDANTS CITY AND COUNTY |
| | OF HONOLULU AND |
| CITY AND COUNTY OF | ALAN RIVERS' ANSWER TO |
| HONOLULU; HAROLD UEHARA, in | SECOND AMENDED COMPLAINT |
| his individual and official capacity, | FOR DECLARATORY RELIEF AND |
| ALAN RIVERS, in his individual and | COMPENSATORY AND PUNITIVE |
| official capacity; RICK S.Y. YI, in his | DAMAGES FILED |
| individual and official capacity; | JUNE 16, 2006; CERTIFICATE OF |
| AUGUST C. BELDEN, in his | SERVICE |
| individual and official capacity, | |
| JEREMY HARRIS, in his official | |
| capacity as Mayor; LEE DONOHUE in | |
| his individual and official capacity as | |
| Police Chief; TAVERN 515, INC. d.b.a. | |
| CLUB YURAKUCHO, | |
| HARRY NAKAKI; JOHN AND JANE | |
| DOES 1-10; DOE PARTNERSHIPS | |
| 1-10; DOE CORPORATIONS 1-10; | |
| and OTHER DOE ENTITIES 1-10, | |
| | |
| Defendants. | |

DEFENDANTS CITY AND COUNTY OF HONOLULU AND
ALAN RIVERS' ANSWER TO SECOND AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND COMPENSATORY AND PUNITIVE
DAMAGES FILED JUNE 16, 2006

Come now, Defendants City and County of Honolulu and Alan Rivers (hereinafter "City Defendants"), by and through their attorneys, CARRIE K.S. OKINAGA, Corporation Counsel, and MOANA A. YOST, Deputy Corporation Counsel, and hereby file their Answer to the Second Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages filed June 16, 2006 (hereinafter "Complaint") and in so doing, allege and aver as follows:

FIRST DEFENSE

1. The Complaint fails to state a claim against City Defendants for which relief is entitled to Plaintiff Robert Souza (hereinafter "Plaintiff").

SECOND DEFENSE

2. With respect to the allegations contained in Paragraph 1 of the Complaint, City Defendants admit that this lawsuit is brought by Plaintiff. City Defendants deny the remaining allegations in said Paragraph.

3. City Defendants are without knowledge and/or information to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraphs

8, 10, 11, 18, 19, 21, 24, 25, 26, 27, 29, and 30 of the Complaint and therefore deny the same.

    4.    City Defendants deny the allegations contained in Paragraphs 2, 3, 4, 5, 6, 20, 23, 31, 32, 33, 35, 36, 38, 41, 43, 44, 45, 46, 47, 48, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76, 77 and 78 of the Complaint.

    5.    With respect to the allegations contained in Paragraph 7 of the Complaint, City Defendants deny that Plaintiff's civil rights were violated. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

    6.    With respect to the allegations contained in Paragraph 9 of the Complaint, City Defendants deny that Plaintiff's civil rights were violated. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies the same.

    7.    With respect to the allegations contained in Paragraph 12 of the Complaint, City Defendants admit that Police Chief Lee Donohue was the chief of police at the time of the alleged incidents. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

8. With respect to the allegations contained in Paragraph 13 of the Complaint, City Defendants admit that Harold Uehara was a sergeant in the Honolulu Police Department. City Defendants deny that Harold Uehara is still a sergeant in the Honolulu Police Department. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

9. With respect to the allegations contained in Paragraph 14 of the Complaint, City Defendants admit that Alan Rivers was and is an employee of the Honolulu Police Department. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

10. With respect to the allegations contained in Paragraph 15 of the Complaint, City Defendants admit that Rick S.Y. Yi and August C. Belden were and are employees of the Honolulu Police Department. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

11. With respect to the allegations contained in Paragraph 16 of the Complaint, City Defendants admit that the City and County of Honolulu is a municipal corporation duly organized under the laws of the State of Hawaii. City

Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

12. With respect to the allegations contained in Paragraph 22 of the Complaint, City Defendants admit that Plaintiff was at Club Yurakucho on August 13, 2003. City Defendants deny the remaining allegations in said Paragraph.

13. With respect to the allegations contained in Paragraph 28 of the Complaint, City Defendants admit that Defendant Alan Rivers was at Club Yurakucho. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

14. With respect to the allegations contained in Paragraph 34 of the Complaint, City Defendants deny that Plaintiff was kept captive. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

15. With respect to the allegations contained in Paragraph 37 of the Complaint, City Defendants admit that Plaintiff identified Harold Uehara and Alan Rivers. City Defendants deny the remaining allegations in said Paragraph.

16. With respect to the allegations contained in Paragraph 39 of the Complaint, City Defendants deny that Plaintiff was falsely imprisoned. City

Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

17. With respect to the allegations contained in Paragraph 40 of the Complaint, City Defendants deny that Plaintiff was bleeding and in distress. City Defendants are without information and/or knowledge as to truth or falsity of the remaining allegations and therefore deny the same.

18. With respect to the allegations contained in Paragraph 49 of the Complaint, City Defendants admit that Plaintiff was not taken before a judge, court, or magistrate in any court on the island pertaining to the allegations contained in the Complaint. City Defendants are without information and/or knowledge as to truth or falsity of the remaining allegations and therefore deny the same.

19. With respect to the allegations contained in Paragraph 50 of the Complaint, City Defendants deny that Plaintiff was assaulted and unlawfully confined. City Defendants deny that Plaintiff was bleeding from the mouth and asking to be released. City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

20. With respect to the allegations contained in Paragraph 70 of the Complaint, City Defendants affirmatively state that the Honolulu Police

Commission has determined Alan Rivers to be within the scope of his duty pursuant to Hawaii Revised Statutes § 52D-9 as to the allegations herein. As to the remaining allegations in said paragraph, City Defendants are without knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore deny the same.

21. City Defendants admit the allegations contained in Paragraph 17 of the Complaint.

22. Any allegation not specifically admitted above is hereby denied.

23. City Defendants note that the Complaint does not contain a Paragraph numbered 42.

THIRD DEFENSE

24. The alleged acts and/or omissions of the City Defendants which allegedly resulted in the injuries and/or damages to Plaintiff were not reasonably foreseeable and/or anticipated by City Defendants, and for which they cannot be held liable.

FOURTH DEFENSE

25. The acts or omissions of Plaintiff and/or the acts or omissions of Co-Defendants, to be named codefendants, or other parties yet unknown which were the cause of Plaintiff's injuries and/or damages, were acts done beyond the control of City Defendants and for which City Defendants are not liable.

FIFTH DEFENSE

26. City Defendants give notice that they may rely on the defense that Plaintiff was under the influence of alcohol, drugs, and/or some other intoxicating substances.

SIXTH DEFENSE

27. City Defendants are not liable for Plaintiff's alleged injuries and/or damages on the basis of qualified immunity.

SEVENTH DEFENSE

28. City Defendants give notice that they may rely on the defense of unclean hands on the part of Plaintiff.

EIGHTH DEFENSE

29. City Defendants had probable cause to detain, arrest and charge Plaintiff.

NINTH DEFENSE

30. If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of that degree of force necessary and reasonable to compel Plaintiff to submit to a lawful arrest or detention.

TENTH DEFENSE

31. City Defendants were lawfully and properly in the execution of their duties as authorized by the Hawaii Penal Code and the Hawaii Revised Statutes.

## ELEVENTH DEFENSE

32. If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that was immediately necessary and reasonable to prevent Plaintiff from committing, continuing, consummating, or fleeing from the commission of a crime.

## TWELFTH DEFENSE

33. If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that the police officers believed to be immediately necessary and reasonable for the purpose of protecting themselves against the use of unlawful force by Plaintiff.

## THIRTEENTH DEFENSE

34. If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of such force that the police officers believed to be immediately necessary and reasonable for the purpose of protecting other persons.

## FOURTEENTH DEFENSE

35. Plaintiff is not privileged to resist a lawful arrest and investigation which he knows to be made by a police officer. If Plaintiff sustained the injuries alleged in the Complaint, those injuries were the proximate result of resistance to or interference with a lawful arrest or detention by City Defendants.

## FIFTEENTH DEFENSE

36. If Plaintiff sustained the injuries and/or damages alleged in the Complaint, such injuries and/or damages were the result of Plaintiff's own misconduct in harassing and interfering with officers of the Honolulu Police Department who were in the performance of their duty.

## SIXTEENTH DEFENSE

37. City Defendants state that Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. Sec. 1983, as there was no action under color of law that violated Plaintiff's civil rights.

## SEVENTEENTH DEFENSE

38. Plaintiff's alleged injuries and/or damages are the result of intervening or superseding causes.

## EIGHTEENTH DEFENSE

39. The conduct of City Defendants was at all times lawful, reasonable and proper.

## NINETEENTH DEFENSE

40. Plaintiff's alleged injuries were sustained as a result of his own or another third-party's wrongful and/or illegal act.

## TWENTIETH DEFENSE

41. City Defendants are not jointly and severally liable to Plaintiff.

## TWENTY-FIRST DEFENSE

42.     City Defendants are not liable for Plaintiff's alleged injuries and/or damages on the basis of Plaintiff's consent.

## TWENTY-SECOND DEFENSE

43.     Plaintiff's alleged injuries and/or damages are the result of intervening or superseding causes.

## TWENTY-THIRD DEFENSE

44.     City Defendants acted at all times in good faith and without malice.

## TWENTY-FOURTH DEFENSE

45.     Plaintiff acted with poor judgment and lack of due care which resulted in his alleged injuries and/or damages, and he cannot recover from City Defendants.

## TWENTY-FIFTH DEFENSE

46.     Plaintiff knowingly, willingly and voluntarily assumed the risk of his alleged injuries and such voluntary assumption of risk was the proximate cause of Plaintiff's alleged damages.

## TWENTY-SIXTH DEFENSE

47.     The City is not liable under the theory of respondeat superior as such theory is inapplicable to actions brought under 42 U.S.C. § 1983 and any allegedly improper action of an individual cannot be attributed to the City.

## TWENTY-SEVENTH DEFENSE

48. The City is not responsible to Plaintiff under any theory of imputed or vicarious liability.

## TWENTY-EIGHTH DEFENSE

49. Plaintiff's allegations are not the proper subject of an action under 42 U.S.C. § 1983 as there was no state statute, ordinance, regulation, custom, policy, practice or usage that violated Plaintiff's civil rights.

## TWENTY-NINTH DEFENSE

50. Plaintiff has not suffered any emotional distress compensable under the law.

## THIRTIETH DEFENSE

51. The City is not liable to Plaintiff for punitive damages.

## THIRTY-FIRST DEFENSE

52. Plaintiff failed to mitigate his damages.

## THIRTY-SECOND DEFENSE

53. Plaintiff's rights, privileges and immunities secured under the laws and the constitutions of the United States and the State of Hawaii have not been violated by any alleged actions of City Defendants.

THIRTY-THIRD DEFENSE

54. City Defendants reserve the right to identify any affirmative or other defenses that become available to them as discovery progresses.

WHEREFORE, the City Defendants pray as follows:

A. The Complaint be dismissed with prejudice;

B. City Defendants be awarded their attorney's fees and costs;

C. If it be determined that City Defendants, other named and/or unnamed defendants, and Plaintiff, or any combination thereof, were negligent or their acts and/or omissions were otherwise wrongful, the relative degree of fault be determined in accordance with Sections 663-10.5 and 663-31 of the Hawaii Revised Statutes, as amended, and judgment be rendered accordingly; and

D. This Court award any further relief that it deems just and proper under the circumstances.

DATED: Honolulu, Hawaii, June 26, 2006.

> CARRIE K.S. OKINAGA
> Corporation Counsel
>
> By /s/ MOANA A. YOST
>    MOANA A. YOST
>    Deputy Corporation Counsel
>
>    Attorneys for Defendants
>    CITY AND COUNTY OF HONOLULU
>    ALAN RIVERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA,<br><br>            Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALAN RIVERS, in his individual and official capacity; RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,<br><br>            Defendants. | Civil No. CV04 00535 DAE BMK<br>(Other Civil Rights)<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the within was duly served by the methods of service noted, a true and correct copy of the foregoing was duly served on the following individuals at their address listed below on June 26, 2006:

**Served by First Class Mail**:

    SHAWN A. LUIZ, ESQ.
    BRIAN G. SHAUGHNESSY, ESQ.
    City Center, Suite 800
    810 Richard Street
    Honolulu, Hawaii  96813
    Attorneys for Plaintiff

**Served Electronically through CM/ECF**:    <u>E-mail address</u>

    CARY T. TANAKA, ESQ.    CTanaka@aol.com
    Attorney for Harold Uehara

    DATED:  Honolulu, Hawaii, June 26, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel

                By <u>/s/ MOANA A. YOST</u>
                    MOANA A. YOST
                    Deputy Corporation Counsel

                    Attorneys for Defendants
                    CITY AND COUNTY OF HONOLULU
                    ALAN RIVERS