CARRIE K.S. OKINAGA, 5958
Corporation Counsel

MOANA A. YOST, 7738
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 523-4065
Facsimile: (808) 523-4583
e-mail: myost@honolulu.gov

Attorneys for Defendants
City and County of Honolulu;
Alan Rivers

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | Civil No. CV04 00535 DAE BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | DEFENDANT CITY AND COUNTY |
| vs. | OF HONOLULU'S MOTION FOR |
| | SUMMARY JUDGMENT; |
| CITY AND COUNTY OF | MEMORANDUM IN SUPPORT OF |
| HONOLULU; HAROLD UEHARA, in | MOTION; DECLARATION OF |
| his individual and official capacity, | MOANA A. YOST; ; EXHIBIT "A"; |
| ALAN RIVERS, in his individual and | DECLARATION OF FABIAN M. |
| official capacity; RICK S.Y. YI, in his | LOO; CERTIFICATE OF SERVICE |
| individual and official capacity; | |
| AUGUST C. BELDEN, in his | |
| individual and official capacity, | Hearing |
| JEREMY HARRIS, in his official | Date: _____ |
| capacity as Mayor; LEE DONOHUE in | Time: _____ |
| his individual and official capacity as | |
| Police Chief; TAVERN 515, INC. d.b.a.) | |
| CLUB YURAKUCHO, | Judge: Honorable David A. Ezra |
| HARRY NAKAKI; JOHN AND JANE | |

| | |
|---|---|
| DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

## DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT

Defendant City and County of Honolulu (hereinafter "the City"), by and through its attorneys, Carrie K.S. Okinaga, Corporation Counsel, and Moana A. Yost, Deputy Corporation Counsel, move this Honorable Court for an order granting summary judgment on the Second Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages filed June 16, 2006 ("Complaint"), on the grounds that there are no genuine issues of material fact.

This motion is based upon Rules 7(b) and 56 of the Federal Rules of Civil Procedure and Local Rules 7.5, 7.6 and 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and is supported by the attached Memorandum of Law, declarations and exhibit attached hereto, the City's

Separate Concise Statement of Facts, the record and files herein, as well as such other oral and/or written evidence as may be offered at the hearing in this matter.

DATED: Honolulu, Hawaii, August 17, 2006.

                        CARRIE K.S. OKINAGA
                        Corporation Counsel


          By   /S/MOANA A. YOST
                MOANA A. YOST
                Deputy Corporation Counsel

                Attorney for Defendants
                CITY AND COUNTY OF HONOLULU
                and ALAN RIVERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | Civil No. CV04 00535 DAE BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | MEMORANDUM IN SUPPORT OF |
| vs. | MOTION |
| | |
| CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALAN RIVERS, in his individual and official capacity; RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

On June 16, 2006, Plaintiff Robert Souza ("Plaintiff") filed his Second Amended Complaint ("Complaint") alleging 42 U.S.C. § 1983 civil rights violations by Defendants under the Fourth, Sixth and Fourteenth Amendments to

the Constitution of the United States.  See Exhibit "A," true and correct copy of Plaintiff's Second Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages, at ¶¶ 2 and 3.

Plaintiff alleges that on August 13, 2003, he was at a Club Yurakucho and was involved in an altercation with Defendant police officers Harold Uehara, Alan Rivers, Rick S.Y. Yi and August C. Beldon, which, Plaintiff alleges, resulted in injuries to Plaintiff.  See Exhibit "A," generally.  Plaintiff alleges that the Defendant police officers assaulted, battered and falsely imprisoned Plaintiff in violation of 42 U.S.C. § 1983.

Regarding the City, Plaintiff specifically alleges that the City "had a custom created by those who may fairly be said to determine official policy; that custom amounted to at least deliberate indifference to Plaintiff's constitutional rights; and that the custom was the moving force in his constitutional violation."  Exhibit "A," ¶ 5.  Plaintiff also alleges that the City was deliberately indifferent to the "maintenance, training and control of its officers as shown by the customs, practices, policies and decision" of the City.  Id. at ¶ 6.  In his Complaint, Plaintiff stated the following:

> 65.    Defendant City and County of Honolulu, as a matter of policy in practice, has failed to discipline, train, or otherwise sanctioned police officers who violate the rights of citizens, thus encouraging defendant officers in this case to engage in the unlawful and actionable conduct described above.

2

> 66. Defendant City and County of Honolulu as a further matter of policy in practice, has failed to train properly its police officers, including defendant officers in this case, with respect to the constitutional, statutory, and departmental limits of their authority, thus causing police officers, including defendants to engage in the unlawful and questionable conduct outlined above.
>
> 67. Defendant City and County of Honolulu, as a further matter of policy in practice, has failed both to establish appropriate procedures and to train its police officers so to which ensure [sic] that person [sic] in police custody (whether legal or not) to receive [sic] necessary medical care and to insure that person in said custody (whether legal or not) to protected [sic] from aggravation of existing medical or other physical conditions, thus creating further injuries to plaintiff and violating his rights.

Exhibit "A," ¶¶ 64 to 67.  Essentially, the allegations against the City amount to: 1) failing to train its police officers and, 2) having an official policy that condones the violation of Plaintiff's civil rights.

## II.   STATEMENT OF MATERIAL FACTS

For purposes of this summary judgment motion only, the City assumes some facts in Plaintiff's Complaint as true.  On August 13, 2003, Defendants Harold Uehara, Alan Rivers, Rick S.Y. Yi, and August C. Beldon were sitting together at a table at Club Yurakucho ("the club").  Exhibit "A," ¶ 28.  Plaintiff entered the club and sat at the bar.  Id. at ¶ 28.  At some point during the evening, Defendants police officers left the club, and shortly thereafter Plaintiff left the club.  Id. at ¶¶ 30 and 31.

3

At this point, there are varying accounts of what ensued in the parking lot of the club, and the City does not agree with any of the facts as alleged by Plaintiff. However, for purposes of this summary judgment motion, the City states those facts as alleged by Plaintiff. Plaintiff alleges that that Defendants police officers assaulted, battered and falsely imprisoned him. See Exhibit "A," generally. Specifically, Plaintiff alleges that Defendant Uehara bumped up against Plaintiff's chest and struck him. Exhibit "A," ¶ 31. Plaintiff alleges that Defendants Rivers, Yi and Beldon grabbed Plaintiff had began assaulting him by striking him, elbowing him, kneeing him and pinning him against the wall. Id. at ¶ 32. According to Plaintiff, those same Defendants restrained Plaintiff and continued to do so as Defendant Uehara struck Plaintiff. Id. at ¶¶ 33 and 35. Plaintiff alleges that Defendants refused to let Plaintiff leave the club. Id. at ¶ 38.

III.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered:

> …if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party has the initial burden of establishing the absence of any genuine issues of material fact. T.W. Elec. Serv., Inc. v. Pacific

4

Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). In determining whether a genuine issue of material facts exists, the evidence is to be taken in the light most favorable to the non-moving party. Id. at 631.

There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The mere existence of some factual dispute will not frustrate an otherwise proper summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In Anderson, the Court further expanded on the standard for summary judgment by ruling that "in essence, though, the inquiry under [summary judgment and directed verdict] is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Thus, the "preliminary question for the judge [is] not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed." Id. at 251 (quoting Improvement Co. v. Munson, 14 Wall. 442, 448 (1872)).

The moving party has the initial burden of "identifying for the Court those portions of the materials on file that it believes demonstrates the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc., 809 F.2d at 630. However,

5

the moving party need not produce evidence negating the existence of an element of which the opposing party will bear the burden of proof at trial. <u>Bynum v. Magno</u>, 125 F. Supp. 2d 1249, 1253 (D.Haw. 2000).

Once the summary judgment movant satisfies his initial burden of showing the absence of any genuine issue of material fact, the burden shifts to the non-moving party to come forward with specific facts showing that there remains a genuine issue for trial.  Fed. R. Civ. P. 56(e).  The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory, nor can the opposing party simply stand on its pleadings, or assert that it will be able to discredit the movant's evidence at trial. <u>T.W. Elec, Serv., Inc.</u>, 809 F.2d at 630; Fed. R. Civ. P. 56(e).  As the Court stated in <u>Matsushita Electrical Industrial Co., Ltd, v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial' [citation omitted]."

IV.   <u>DISCUSSION</u>

The City is not liable because there was no failure by the City to train its officers and there was no official policy or custom that condones the violation of Plaintiff's civil rights.  A § 1983 plaintiff cannot rely on a theory of *respondeat superior* to hold a city liable for the individual actions of its police officers.

6

Monell v. Department of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). A municipality cannot be held liable "solely because it employs a tortfeasor." Id.

In § 1983, a municipality can only be held liable for an unconstitutional act of its police officer which was: "(1) the direct result of inadequate police training or supervision; (2) the product of an officially adopted policy statement, ordinance, regulation or decision; or (3) illustrative of a custom which is so permanent and well[-]settled as to constitute a custom or usage with the force of law." Sunn v. City & County of Honolulu, 852 F.Supp. 903, 909 (D.Haw. 1994), *citing* Tokuhama v. City and County of Honolulu, 751 F.Supp. 1385, 1389 (D.Haw. 1989); *see also*, Bouman v. Block, 940 F.2d 1211 (9th Cir. 1991) (if a practice is so permanent and well settled as to constitute a "custom or usage" with the force of law, a plaintiff may proceed despite the absence of written authorization or express municipal policy), *cert. denied*, 112 S.Ct. 640 (1992); Carnell v. Grimm, 872 F. Supp. 746, 751 (D. Haw. 1994), *aff'd*, 74 F.3d 977 (9th Cir. 1995) (a charge of municipal liability is sufficient if the plaintiff establishes that his injury "was a direct result of inadequate training or supervision").

Plaintiff specifically alleges that the City failed to properly train the police officers, the direct and proximate cause of which Decedent sustained injuries. See Exhibit "A," ¶¶ 64 to 67. Proving a failure-to-train claim is no easy task.

Atchinson v. District of Columbia, 73 F.3d 418, 421 (D.C.Cir. 1996).  A § 1983 plaintiff must show that the alleged inadequate training "represents city policy," and that the failure to train amounts to "deliberate indifference" to the rights of the allegedly injured plaintiff.  City of Canton v. Harris, 489 U.S. 378, 388-92, 109 S.Ct. 1197, 1204-07, 103 L.Ed.2d 412 (1989).  Hence, a plaintiff cannot prevail simply by showing that a single officer was inadequately trained.  Id. at 390-391, 109 S.Ct. at 1205-06.  Moreover, any notion of deliberate indifference on the part of the City to some perceived need for training of the police officers cannot be lightly inferred.  See e.g., Ferreira v. Westchester County, 917 F.Supp. 209, 215 (S.D.N.Y. 1996).  "[E]vidence of supervisory indifference, such as in acquiescence in a prior pattern of conduct ...." is required.  Turpin v. Mailet, 619 F.2d 196, 202 (2d Cir. 1980); Katz v. Morgenthau, 709 F.Supp. 1219, 1229 (S.D.N.Y. 1989).

Clearly, inadequate training is not a City policy.  All police officers are trained to comport with the HPD policy with regard to the appropriate use of force.  Declaration of Fabian Loo.  All police officers are trained and required to be familiar with all laws governing the use of force and are periodically apprised of, and trained in, developments in these laws.  Id.  The use of excessive force is a crime under Hawai'i law, and officers are trained to report others' misconduct.  Id.

Upon acceptance, HPD recruits are required to undergo a Recruit Training Course at the Training Academy.  Said course places a heavy emphasis on training

recruits in the appropriate use of force.  Id.  Specifically, each recruit must take an arrest and control tactics class whereby each recruit studies acceptable arrest techniques, and is instructed in methods that do not involve excessive force.  Id.

With regards to providing medical attention to prisoners, police officers are trained in the area of responding to prisoners' medical needs.  Id.  As a recruit, police officers are trained to administer basic first aid, CPR and the use of external defibulators.  Id.  This medical training is required every two years.  Id.  Further, police officers are trained to summon for an ambulance if requested or if the police officer believes it is necessary.  Id.

In addition to recruit training, each officer is required to attend annual recall training.  Id.  Annual recall training includes education in the area of use of force and arrest and control tactics.  Id.  It can also include medical care rendered to prisoners.

In the instant case, there is no evidence that the City was aware of, condoned, instituted or allowed to be instituted the infliction of physical injury on Plaintiff or that the City had a policy encouraging such conduct.  In order to prevail on this § 1983 cause of action against the City, Plaintiff must show that the alleged inadequate training "represent city policy," and that the failure to train amounts to "deliberate indifference" to the rights of the allegedly injured plaintiff.  City of Canton, 489 U.S. at 388-92, 109 S.Ct. at 1204-07.  Plaintiffs must also show

9

"evidence of supervisory indifference." Turpin, 619 F.2d at 202.  Under the circumstances of this case, there is simply no evidence to support a conclusion that the City failed to train its officers, or that such a failure resulted in Plaintiffs' injuries.

V.     CONCLUSION

For the reasons set forth above, summary judgment should be granted in favor of the City pursuant to Rule 56 of the Federal Rules of Civil Procedure.

DATED:  Honolulu, Hawaii, August 17, 2006.

                CARRIE K.S. OKINAGA
                Corporation Counsel


        By   /S/MOANA A. YOST
                MOANA A. YOST
                Deputy Corporation Counsel

                Attorney for Defendants
                CITY AND COUNTY OF HONOLULU
                and ALAN RIVERS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, ) | Civil No. CV04 00535 DAE BMK |
| ) | (Other Civil Rights) |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF ) | |
| HONOLULU; HAROLD UYEHARA, ) | |
| in his individual and official capacity, ) | |
| ALLAN RIVERS, in his individual and ) | |
| official capacity; TWO UNKNOWN ) | |
| POLICE OFFICERS, in their individual ) | |
| and official capacity, JEREMY ) | |
| HARRIS, in his official capacity as ) | |
| Mayor; LEE DONOHUE in his ) | |
| individual and official capacity as ) | |
| Police Chief; TAVERN 515, INC. d.b.a.) | |
| CLUB YURAKUCHO, HARRY ) | |
| NAKAKI; JOHN AND JANE DOES 1- ) | |
| 10; DOE PARTNERSHIPS 1-10; DOE ) | |
| CORPORATIONS 1-10; and OTHER ) | |
| DOE ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the within was duly served by the methods of service noted, a true and correct copy of the foregoing was duly served on the following individuals at their address listed below on August 17, 2006:

**Served by First Class Mail**:

SHAWN A. LUIZ, ESQ.
BRIAN G. SHAUGHNESSY, ESQ.
City Center, Suite 800
810 Richard Street
Honolulu, Hawaii 96813
Attorneys for Plaintiff

**Served Electronically through CM/ECF**:    <u>E-mail address</u>

CARY T. TANAKA, ESQ.    carytanaka@aol.com
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
Attorney for Defendant HAROLD UEHARA

DATED: Honolulu, Hawaii, August 17, 2006.

        CARRIE K.S. OKINAGA
        Corporation Counsel


By   /S/MOANA A. YOST  
      MOANA A. YOST
      Deputy Corporation Counsel

      Attorney for Defendants
      CITY AND COUNTY OF HONOLULU
      and ALAN RIVERS