# ORIGINAL

SHAWN A. LUIZ          6855
810 Richard Street
City Center, Suite 800
Honolulu, Hawaii 96813
Telephone:  (808) 538-0500
Facsimile:   (808) 538-0600
attorneyluiz@msn.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 6 2006

at 2 o'clock and 52 min. P M
SUE BEITIA, CLERK

Attorneys for Plaintiff
ROBERT SOUZA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| ROBERT SOUZA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, **ALAN** RIVERS, in his individual and official capacity; **RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity,** JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | CIVIL NO. CV 04-00535 DAE BMK (Other Civil Rights) <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND COMPENSATORY AND PUNITIVE DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS; CERTIFICATE OF SERVICE** |

1

EXHIBIT A

Defendants. )

---

## SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND COMPENSATORY AND PUNITIVE DAMAGES

The above-named Plaintiff, by and through his attorneys, and for his **SECOND AMENDED** Complaint against Defendants, alleges and avers as follows:

### INTRODUCTION

1.    This lawsuit was brought by the named Plaintiff who was subjected to proscribed Civil Rights violations by the Defendants.

2.    This action arises under the Constitution of the United States, particularly the FOURTH, SIXTH, and FOURTEENTH Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. sections 1983, 1985 and 1986.

3.    Plaintiff seeks a declaration that the Defendant's acts and/or omissions violated his civil rights under 42 USC §§ 1983, 1985 and 1986. Plaintiff is an individual who was subjected to proscribed Civil Rights violations under color of law by the Defendants.

4.    Plaintiff also states that Defendants assaulted him, unlawfully imprisoned him, and as a result has suffered loss of income from his business, loss of consortium, depression, intentional infliction of emotional

2

distress, negligent infliction of emotional distress and claims of negligence
and battery. Defendant Honolulu Police Department should have anticipated
and precluded these officers from such illegal acts. Failure to do so makes
them liable for negligent retention and supervision claims.

5.    "To serve and protect," is the creed of the Honolulu Police
Department. Sadly, Sergeant Harold UEHARA, Honolulu Police
Department (HPD) and the other named defendants have failed in this creed
and instead have violated the Civil Rights of the above named plaintiff,
Robert Souza (hereinafter, "Souza," or "Plaintiff"). Plaintiff had a
constitutional right to be free of these abuses and was deprived of by the
City and its agents -- the four police officers involved. The City had a
custom created by those who may fairly be said to determine official policy;
that custom amounted to at least deliberate indifference to Plaintiff's
constitutional rights; and that the custom was the moving force in his
constitutional violation.

6.    The above-mentioned violations were proximately caused by
defendant City and County of Honolulu, Mayor Jeremy Harris, police chief
Lee Donohue with deliberate indifference to the maintenance, training and
control of its officers as shown by the customs, practices, policies and
decision of defendant City and County of Honolulu Police Department and

3

City and County of Honolulu police chief and City and County of Honolulu

Mayor inadequate training and supervising employees of the Honolulu

Police Department with respect to the use of force and proper procedure for

dealing with innocent individuals.

## JURISDICTION AND VENUE

7.      The jurisdiction of this court is invoked under the provisions of

28 USCA §§ 1331 and 1343 and the federal claims are asserted here

pursuant to 42 USC § 1983, 1985 and 1986; namely the violation of the

Civil Rights act of 1990, *et seq.*, and supplemental jurisdiction of the state

causes of action pursuant to § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§

1391(b)(1) because Hawaii is where all the parties resided at the time of the

events complained occurred.

## PARTIES

9.      Plaintiff ROBERT SOUZA is a Citizen of the United States and

a Resident of the City and County of Honolulu and an individual whose

Civil Rights were violated.

10.     Defendants, CITY AND COUNTY OF HONOLULU;

HAROLD UEHARA, in his individual and official capacity, **ALAN**

4

RIVERS, in his individual and official capacity; **RICK S.Y. YI, in his individual and official capacity;  AUGUST C. BELDEN, in his individual and official capacity**, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10.

11.    JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, inclusive, are sued under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for occurrences alleged, and that the plaintiffs damages as alleged were proximately caused by those defendants. Each reference in this complaint to, "defendant," or a specifically named defendant refers also to all defendants sued under fictitious names.

12.    Defendant, Police Chief Lee Donohue, was the chief of police

of the Honolulu Police Department at the time of the incidents described herein. He is sued in his individual and official capacity as a police sergeant. JEREMY HARRIS, is sued in official capacity only as mayor.

13.    Defendant, Harold UEHARA, was and still is a Sergeant in the Honolulu Police Department. He is sued in his individual and official capacity as a police sergeant.

14.    Defendant Honolulu Police Department officer Alan Rivers was and still is an employee of the Honolulu Police Department. He is sued in his individual and official capacity as a police officer.

15.    Defendants, **RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity**, and the above named defendants, were at all times mentioned employed police officers of defendant City and County of Honolulu and residents of the City and County of Honolulu. Defendants are sued individually and in their official capacity.

16.    Defendant, City and County of Honolulu, is and at all times mentioned was, a municipality located in the state of Hawaii, organized and existing under and by virtue of the Constitution and laws of the state of Hawaii, and is the public employer of the police officers named as defendants in this action.

17.    Defendant police officers are and that all times mentioned were residents of the City and County of Honolulu.

18.    Tavern 515 Inc., d.b.a. Club Yurakucho is a business located in the City and County of Honolulu physically located at 1200 College Walk #117, Honolulu, Hawaii 96817.

19.    Harry Nakaki is sued as the owner of Tavern 515 Inc., d.b.a. Club Yurakucho and is a resident of the City and County of Honolulu.

20.    Each of the individual defendants sued in this action is suitable in his or her individual and personal capacities, as well as his or her official capacity.

21.    Plaintiff is informed and believes and upon such information and belief alleges that all times mentioned each of the defendants was the agent and/or employee and/or co-conspirator of each of the remaining defendants, and in doing the things referred to below as alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of his or her codefendants.

## FACTUAL SUMMARY

22.    This complaint concerns the tragic, unnecessary and preventable events which occurred on or about August **13**, 2003 at the establishment known as Club Yurakucho in Honolulu, Hawaii.

7

23.    On the date and at such time and location, Sergeant Harold
UEHARA and Officer Alan Rivers as well as **RICK S.Y. YI, and
AUGUST C. BELDEN**, while in the scope of employment and without
legal cause and justification violently assaulted and battered as well as
falsely imprisoned plaintiff, Robert Souza.

24.    On or about August **13,** 2003, Plaintiff Robert Souza, a private
citizen and former police officer currently operating his own business,
Quality Cleaning and Maintenance, which cleans and maintains a various
establishments in Honolulu, traveled to Club Yurakucho located at 1200
College Walk, Honolulu Hawaii.

25.    Club Yurakucho is located in one of the Plaintiff's accounts as
well as an establishment Plaintiff frequents.

26.    Club Yurakucho is an establishment frequented by law
enforcement officers.

27.    Plaintiff completed his tasks at the jobsite and entered Club
Yurakucho with a friend shortly after 6 PM.

28.    Upon entering club Yurakucho plaintiff observed four males
sitting at a table in the establishment.  One of the individuals, Harold
UEHARA, asked Plaintiff if he had been a police officer.  Plaintiff indicated
that he had been.  These four individuals indicated that they were police

8

officers. In fact, it appears that the officers were on duty. One of these individuals was Honolulu Police Department Sergeant Harold UEHARA. One of these individuals was Defendant Allan Rivers. One of the unidentified officers is believed to be Korean and the other Caucasian. Plaintiff then sat at the bar with his back to these individuals.

29.     Three of the four individuals were not Caucasian and one individual was Caucasian. The oldest member of the group, Harold UEHARA, appeared to be the other officer's Sergeant and continually berated the Caucasian officer with, "you fucking haole," and other derogatory statements speaking in a tone of anger and disdain. The other non-Caucasian junior officers appeared indifferent.

30.     A short while after Plaintiff's friend left the establishment the four police officers exited the club.

31.     Plaintiff exited the club to use the restroom, which is located outside of the establishment. Plaintiff observed the four men gathered in the Parking Lot of the Establishment. It appeared that the senior officer, Harold UEHARA was going to fight with the Caucasian officer. Plaintiff stopped at the door to the bar to observe. Defendant Harold UEHARA shouted, "What!," to the plaintiff in a challenging manner. Plaintiff continued to look in Defendants' direction as defendant charged Plaintiff, bumped up against

Souza's chest and struck him. Souza told defendant to stop but defendant screamed and continued towards Plaintiff still screaming menacingly. Souza then struck Plaintiff in self-defense.

32.    Defendant then fell to the ground. It is unclear whether this was from the blow or from tripping on the curb or both. Souza was then grabbed by defendants Rivers and the as yet unidentified HPD members. These officers began assaulting Souza by striking him, elbowing him, kneeing him and pinning him against the wall. Two police officers continued to restrain Souza as they told him, "You cannot do that." Plaintiff responded, "Look, you saw him hit me twice. Let me go."

33.    Defendants did not release Souza but instead continued to restrain him with his feet barely off the ground and a forearm to his throat. Souza instructed the police officers to, "Let me go or arrest me." Defendants did not comply and continued to restrain Plaintiff. Plaintiff then asked to be allowed to go into the bar. Two defendants then escorted Souza back into the bar. One of the two exited back outside as the other remained in the bar and refused to allow Souza to exit despite his saying, "Look, I want to go home," and ongoing requests to do so. Defendant told Souza, "You can't leave yet." When Plaintiff asked why he could not leave he was simply told, "You just can't leave yet."

10

34.    One of the officers continued to enter and exit the bar while another kept Plaintiff Souza captive. This continued for approximately fifteen minutes. Club Yurakucho owner, Harry Nakaki, club bartender known as Aunt Patty, patron "JoAnne" and other patrons observed this.

35.    At this time Souza was flanked by two of the Defendants. The door to the club opened and defendant UEHARA charged in screaming obscenities. The two officers pinned Souza's neck, arms and legs against the bar while defendant UEHARA struck Souza.

36.    The acts of these officers were intentional and under color of law.

37.    Plaintiff identified Sergeant Harold UEHARA and **Alan** Rivers from a photographic lineup as two of his assailants and Honolulu Police Department internal affairs identified the assailant as Officer Harold UEHARA.

38.    Souza was then taken into the kitchen of the club bleeding and nearly unconscious. Plaintiff has chronic neck pain and experienced immediate numbness on the left side. Plaintiff again asked to be released and was denied. The young officer keeping Souza captive in the kitchen said, "You can't leave yet." Souza told this officer that he was committing unlawful imprisonment but was still not allowed to leave.

39.    At no time during the false imprisonment was plaintiff told he was being charged with any crime.

40.    He asked for ice and was allowed to have ice to place on his cut mouth. The Defendant officer could see that Souza was bleeding and in distress. Approximately five to fifteen minutes later Souza was told he could leave. Three of the four police officers had already departed.

41.    In doing the acts alleged above, defendants acted with the intent of harmful contact with the plaintiff's person

43.    At all times mentioned, plaintiff found the contact made by the police officers to be harmful and offensive to the plaintiff's person and dignity.

44.    At no time did the plaintiff consent to any of the acts of the defendants outlined above.

45.    Plaintiff was not at the time of the events alleged in this complaint, or at any other time, committing any offense and defendant police officers did not have any reasonable grounds for believing that plaintiff was committing or had committed any offense.

46.    Defendants had no probable cause to detain, use force on or restrain plaintiff as he had committed no crime. Defendants deliberately assaulted, restrain plaintiff's freedom of movement and did so under color of

law.

47.    At no time did plaintiff pose any threat to officers of the

Honolulu Police Department that could have justified the use of such force

and imprisonment as described.

48.    At no time was the plaintiff released nor was he permitted to

contact his or her family, friends, an attorney or other law enforcement to

obtain assistance.

49.    Plaintiff was not at any time told he was under arrest, given a

warrant, taken before a judge, court, magistrate in any court on the Island.

50.    After defendants assaulted plaintiff and unlawfully confined

plaintiff to the proximity of the bar refusing to let him leave, or seek medical

treatment although plaintiff was bleeding from the mouth and asking to be

released.  Plaintiff did not receive medical treatment until the following day.

51.    Plaintiff feared for his safety and filed a police report the next

day from the hospital.  He also sees his dentist and a therapist because of the

injuries.

52.    As a result of the above described beating and injuries, plaintiff

was caused to undergo extensive medical care and treatment and to expend

for his ongoing care and treatment in an amount that will be revealed at trial.

Defendants are liable to the plaintiff for this amount.

53.    As a proximate result of defendants wrongful, unlawful, and offensive actions, plaintiff has suffered general damages in an amount to be determined at trial.

54.    As a proximate result of the intentional acts of defendant police officers, plaintiff was hurt and injured in his health, central nervous system, strength, activities of daily living, interests, psyche, livelihood and relationships. Plaintiff sustained injuries to his mouth, teeth, central nervous system and person, all of which have caused, and continue to cause, plaintiff great mental, physical, and emotional pain and suffering. Plaintiff's relationship with his spouse, children and family members has also been affected. Plaintiff is informed and believes and therefore alleges these injuries will result in permanent disability to plaintiff. As a result of these injuries, plaintiff has suffered general damages in an amount within the jurisdiction of this court and to be proved at trial.

55.    As a further proximate result of the negligent and careless acts of defendant police officer, plaintiff has incurred, and will continue to incur, medical and related expenses in an amount to be proved at trial.

56.    As a further proximate result of the intentional acts of defendant police officers, plaintiff has been compromise/prevented from attending to his usual occupation as a cleaning engineer for a period of one year as of the

14

date of this complaint and continuing for an as yet undetermined period.
Plaintiff therefore has lost and will lose earnings, in an amount to be proved
at trial.

57.    Defendants acted maliciously and wantonly, intending to
wrongfully and unlawfully inflict physical and mental pain and suffering on
the plaintiff as well as deprive him of his Civil Rights.  Plaintiff therefore
entitled to seek punitive damages in an amount to be determined at trial

58.    Defendant police officers acted maliciously and wantonly
intending to inflict pain and with complete indifference to the physical and
mental pain and suffering of plaintiff and in total disregard for their position
as police officers and the faithful discharge of the duties of that position.
When the defendants graduated from the police academy they took a solemn
vow promising not to encourage, tolerate or engage in such behavior.

59.    On August 13, 2003 defendants under color of law and by
virtue of their position in their official position, maliciously, unlawfully and
without reasonable cause, falsely imprisoned to plaintiff.  First they held him
and forbid him to leave from the bar and then from the kitchen of the bar.

60.    Plaintiff is informed, believes and upon such information and
belief alleges that on or about August 13, 2003 these officers of the
Honolulu Police Department assaulted, battered and falsely imprisoned

15

plaintiff as described, all of which constituted assault as well as excessive,

unjustifiable and unreasonable force in violation of 42 U.S.C. Section 1983.

61.    By reason of the above, plaintiff was additionally harmed by

the deprivation of his liberty and seeks damages in an amount to be

determined at trial.

62.    As a result of the deprivations of plaintiff's rights by the

defendants conduct in restraining and assaulted the plaintiff and denying him

of his liberty without due process of law, plaintiff is entitled to damages in

an amount to be determined at trial.

63.    By engaging in the above described unlawful assault, false

imprisonment and deprivation of liberty, defendant police officers willfully,

maliciously, and without excuse or justification significantly harmed

plaintiff. Therefore plaintiff is entitled to punitive damages in an amount to

be determined at trial.

64.    As result of the actions of the defendants plaintiff was subjected

to it assault, false imprisonment, excessive use of force, deliberate denial of

necessary medical treatment, deprivation of liberty, invasion of privacy, and

serious mental and physical pain and suffering with.

65.    Defendants City and County of Honolulu, as a matter of policy

in practice, has failed to discipline, train, or otherwise sanctioned police

officers who violate the rights of citizens, thus encouraging defendant officers in this case to engage in the unlawful and actionable conduct described above.

66.    Defendants City and County of Honolulu as a further matter of policy in practice, has failed to train properly its police officers, including defendant officers in this case, with respect to the constitutional, statutory, and departmental limits of their authority, thus causing police officers, including defendants to engage in the unlawful and questionable conduct outlined above.

67.    Defendants City and County of Honolulu, as a further matter of policy in practice, has failed both to establish appropriate procedures and to train its police officers so to which ensure that person in police custody (whether legal or not) to receive necessary medical care and to insure that person said custody (whether legal or not) to protected from aggravation of existing medical or other physical conditions, thus creating further injuries to plaintiff and violating his rights.

68.    The acts above were committed either on the instruction of defendants, police chief and Mayor Jeremy Harris, or with the knowledge and consent of the defendants, or were thereafter approved and ratified by these defendants.

69.    Each of the defendants, individually and in concert with others, acted under pretense and color of law and their official capacity, but such acts were beyond the scope of their jurisdiction and without authorization of law. Each defendant, individually and in concert with the others, acted maliciously, wantonly, unlawfully, willingly, knowingly, and with the specific intent to deprive plaintiff of his rights to freedom from seizure of their person, detention and imprisonment, all of which are secured to plaintiffs by the Fourth, Sixth, and Fourteenth Amendment to the Constitution to the United States and by 42 USCA §§ 1983 and § 1988.

70.    Each and all of the acts of defendants were done by them, not as individuals, but by virtue of and under their authority as police officers and, Mayor and under color and pretense of the statutes, ordinances, regulations, customs, and usage of defendant County.

71.    The acts of defendant police officers outlined were committed at the direction of defendant police chief or with his knowledge and consent or were afterward approved and ratified by defendant police chief.

72.    Pursuant to 42 USCA § 1988, plaintiff is entitled to a reasonable allowance for attorneys fees as part of his costs.

73.    The assault and battery were carried out intentionally by defendant police officers for the express purpose of interfering with

plaintiff's personal integrity and resulted in an unpermitted, harmful, and offensive contact with plaintiff, and thus constituted assault and battery on him.

74.    The assault and battery on plaintiff by defendant police officers violated his rights under the Constitution and laws of this state of Hawaii.

75.    The detention of plaintiff by the defendant police officers was carried out unlawfully, intentionally, and maliciously, without just or probable cause, for the express purpose of trying to deprive him of his civil right to be free from seizure and does constitute false imprisonment.

76.    The assault, false imprisonment and denial of necessary medical treatment were carried out with such wanton and reckless disregard of the consequences as to show defendant police officers conscious indifference to the danger of harm and injury to plaintiff and the intent to inflict harm and injury on the plaintiff.

77.    The actions of defendant police officers committed under color and authority as defendant City and County of Honolulu Police Department Officers, and while acting and that official capacity, and the actions of the defendants city deprive plaintiff of his rights under the laws and constitution

19

of the United States, in particular, the Fourth And Fourteenth amendments
and 42 USCA § § 1983 & 1985. HAROLD UEHARA, knew of a conspiracy
and failed to prevent it thereby violating 42 USCA § 1986.

78.    Plaintiff was thereby deprived of rights and immunities secured
to him under the Constitution and laws of the United States, including, but
not limited to plaintiff's right to be secured in his person, to be free from
unlawful searches, seizures, arrests and the excessive use of force, to be
allowed his right to due process and equal protection under the laws, and to
be given necessary medical treatment. Defendants intentionally and/or
negligently inflicted emotional distress upon plaintiff who suffered damages
as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against
Defendants and each of them and for relief as follows:

A.    That this court assume jurisdiction over this matter;

B.    Declare Defendants above inaction unlawful;

C.    Order that Defendants grant Plaintiff special and general
damages in an amount to be proved at trial;

D. Award such additional or alternative relief as may be just, proper

20

and equitable and award reasonable fees and costs to plaintiffs' attorney;

    E.  Award to Plaintiff the full panoply of remedies available including but not limited to compensatory and punitive damages and in an amount to be later determined at trial;

    F.    For such other relief as this Court deems just and equitable.

    DATED:    Honolulu, Hawai'i, June 16, 2006.

                    SHAWN A. LUIZ
                    Attorneys for Plaintiff
                    ROBERT SOUZA