IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU;<br>HAROLD UEHARA, in his<br>individual and official<br>capacity, ALAN RIVERS, in his<br>individual and official<br>capacity; RICK S.Y. YI, in<br>his individual and official<br>capacity; AUGUST C. BELDEN,<br>in his individual and<br>official capacity; JEREMY<br>HARRIS, in his official<br>capacity as Mayor; LEE<br>DONOHUE, in his individual<br>and official capacity as<br>Police Chief; TAVERN 515,<br>INC. d.b.a. CLUB YURAKUCHO,<br>HARRY NAKAKI; JOHN AND JANE<br>DOES 1-10; DOE PARTNERSHIPS<br>1-10; DOE CORPORATIONS 1-10;<br>and OTHER DOE ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. CV 04-00535 BMK<br>(Other Civil Rights)<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION:

    This case arises out of the alleged assault and battery of Plaintiff ROBERT SOUZA ("Plaintiff") on or about August 13, 2003. On June 16, 2006, Plaintiff filed a Second Amended Complaint ("Complaint") in which he alleged violations of his rights under

42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. Plaintiff alleges that he was assaulted by Defendant police officers Harold Uehara, Alan Rivers, Rick S.Y. Yi and August C. Belden in violation of his constitutional rights. A true and correct copy of Plaintiff's Second Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages is attached hereto as Exhibit "A" wherein Plaintiff sets forth the following specific claims against Defendant HAROLD UEHARA ("UEHARA") in this case:

(1) Defendant Harold Uehara, was and still is a Sergeant in the Honolulu Police Department. He is sued in his individual and official capacity as a police sergeant. Complaint at ¶ 13;

(2) On the date and at such time and location, Sergeant Harold Uehara . . . while in the scope of employment and without legal cause and justification violently assaulted and battered as well as falsely imprisoned plaintiff, Robert Souza. Complaint at ¶ 23;

(3) The acts of these officers were intentional and under color of law. Complaint at ¶ 36;

(4) On August 13, 2003 defendants under color of law and by virtue of their position in their official position, maliciously, unlawfully and without reasonable cause, falsely imprisoned plaintiff. First they held him and forbid (sic) him to leave from the bar and then from the kitchen of the bar. Complaint at ¶ 59;

(5) Plaintiff is informed, believes and upon such information and belief alleges that on or about August 13, 2003 these officers of the Honolulu Police Department assaulted, battered and falsely imprisoned plaintiff as described, all of which constituted assault

>as well as excessive, unjustifiable and unreasonable force in violation of 42 U.S.C. Section 1983.  Complaint at ¶ 60

Second Amended Complaint for Declaratory Relief and Compensatory and Punitive Damages filed herein on June 16, 2006.

For the reasons set forth below, Defendant HAROLD UEHARA respectfully requests that this Honorable Court enter an order dismissing any and all claims for damages for any alleged constitutional violations, specifically those arising under 42 U.S.C. Section 1983, as the alleged acts were not performed under color of law.

II.  STATEMENT OF FACTS:

This case arises out of an alleged altercation which occurred on or about August 13, 2003, between Plaintiff ROBERT SOUZA ("Plaintiff") and Defendants HAROLD UEHARA, ALAN RIVERS, RICK S.Y. YI and AUGUST C. BELDEN (collectively "Defendant Officers").  The incident allegedly took place at Club Yurakucho, a bar located on 1200 College Walk in Honolulu Hawaii.

The Complaint alleges that Plaintiff was assaulted by the four Defendant Officers who were off-duty and patronizing the bar. Plaintiff also alleges that Defendant CITY AND COUNTY OF HONOLULU ("the City") failed to maintain, train and control its police officers and that said failure resulted in a custom, practice, and/or policy of the department of violating the civil rights of Plaintiff.

Factually, except for the testimony of Plaintiff, there is no dispute that the Defendant Officers were off-duty at the time of the incident. See Affidavit of Harold Uehara attached hereto.

On the night in question, the Defendant Officers had completed their work shift and had gone to Club Yurakucho for a going-away party for one of their friends. Towards the end of the evening, UEHARA and Defendant BELDEN began having a heated discussion regarding a work issue. This discussion continued outside of the club.

Plaintiff, who was in the bar drinking alone, listened in on the conversation between UEHARA and Defendant BELDEN and then followed them outside. Plaintiff, who was not known at all by any of the Defendant Officers, then decided to get involved in what was going on outside. UEHARA recalls hearing Plaintiff mumble something to him. See Affidavit of Harold Uehara attached.

UEHARA walked towards Plaintiff and asked him what he was saying. Suddenly, Plaintiff punched UEHARA twice in the jaw. Plaintiff claims that he was defending himself. UEHARA asserts that he was assaulted without provocation. See Affidavit of Harold Uehara attached hereto.

Defendant YI, who had also exited the bar, then rushed over to separate UEHARA and Plaintiff and held Plaintiff against the

wall of the building. Plaintiff was then escorted back into the bar and UEHARA was instructed to leave the area.

III.   APPLICABLE LEGAL STANDARD:

A summary judgment motion "challenges the very existence or legal sufficiency of the claim or defense to which it is addressed. In effect the moving party takes the position that he is entitled to prevail . . . because his opponent has no valid claim for relief or defense to the action, as the case may be." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d Section 2711, at 555-56 (1983) (footnote omitted). He thus has the burden of demonstrating that there is no genuine issue as to any material fact relative to the claim or defense and he is entitled to judgment as a matter of law. 10A Wright, Miller & Kane, supra, Section 2727, at 121. Rule 56(c) of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 50(c).

A party is entitled to summary judgment where there are no genuine issues of fact, and the action should be resolved as a question of law. Fed. R. Civ. P. Rule 56(c). In Celotex Corp. v.

<u>Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986), the United States Supreme Court stated that:

> [T]he plain language of Rule 56(c) (Fed. R. Civ. P.) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. . . .

<u>Id.</u>

A party moving for summary judgment bears the initial burden of demonstrating the absence of evidence to create a genuine issue of fact as to his opponent's claims. <u>Id</u>. The burden is satisfied by pointing out the insufficiency of evidence to support an opponent's claims, and does not necessitate the proffer of evidence which negates these claims. <u>Id</u>.

In order to overcome a motion for summary judgment, a responding party must then come forward with "specific facts showing that there is a genuine issue for trial" by affidavits or otherwise, and may "not rest upon the mere allegations or denials of his pleading." Fed. R. Civ. P. 56(e). That party "must do more than simply state that there is some metaphysical doubt as to the material facts . . .[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356-57, 89 L.Ed. 2d 538 (1986).

As will be demonstrated below, there are no questions of fact with regard to the issue of whether the Defendant Officers were acting under color of law.  As such, summary judgment with regard to any and all claims arising out of 42 U.S.C. § 1983 should be entered herein.

IV.  <u>DISCUSSION</u>:

    A.    THE CLAIMS AGAINST UEHARA IN HIS OFFICIAL CAPACITY SHOULD BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF THE CLAIMS ASSERTED AGAINST THE CITY

It is well settled that "there is no longer a need to bring official-capacity actions against local government officials . . . local government units can be sued directly for damages and injunctive or declaratory relief."  See <u>Kentucky v. Graham</u>, 473 U.S. 159, 167, n. 14, 105 S. Ct. 3099, 3106, 87 L.Ed.2d 114 (1985), accord <u>Wong v. City & County of Honolulu</u>, 333 F.Supp.2d 942, 947 (D. Haw. 2004) (dismissing official capacity claims against local officer as duplicative of claims asserted against the City & County of Honolulu).  See also <u>McMillian v. Monroe County</u>, 520 U.S. 781, 785, n. 2, 117 S.Ct. 1734, 1737, 138 L.Ed.2d 1 (1997); <u>Hafer v. Mello</u>, 502 U.S. 21, 25, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991). "A suit against a law enforcement official in his official capacity generally represents merely

another way of pleading the action against the entity of which the official is an agent." Carnell v. Grimm, 872 F.Supp 746, 752 (D. Haw. 1994) (dismissing plaintiff's claims against local police officers in their official capacities as duplicative of plaintiff's claims against the City & County of Honolulu). "Therefore, courts should treat such suits as suits against the governmental entity." Id.

The Complaint sets forth claims against UEHARA wherein he is being sued in his official capacity. Claims against UEHARA in his official capacity are merely claims against the City, the governmental entity for which UEHARA is an agent.  Therefore, although it remains UEHARA's position that he was off-duty at the time of the alleged altercation, pursuant to clear precedent, Plaintiff's claims against him in his official capacity should be dismissed as being duplicative.

    B.    UEHARA WAS NOT ACTING UNDER COLOR OF LAW

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States were violated, and (2) that the alleged violation was committed by a person acting under the color of state law." Musquez v. Santa Clara County, Slip Copy, 2007 WL 2796972 (N.D. Cal.)(citing to West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In <u>Huffman v. County of Los Angeles</u>, 147 F.3d 1054 (9th Cir. 1998), the Ninth Circuit Court of Appeals addressed the issue of "color of law" with respect to an off-duty police officer who was involved in a fatal altercation in a bar. In arriving at the conclusion that the off-duty officer was not acting under color of law, the Court stated the following:

> The Supreme Court has interpreted the phrase "under 'color' of law" to mean "under 'pretense' of law." <u>Screws v. United States</u>, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L.Ed. 1495 (1945). A police officer's actions are under pretense of law only if they are "in some way 'related to the performance of his official duties.'" <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 838 (9th Cir. 1996)(quoting Martinez v. Colon, 54 F.3d 980, 986 (1st Cir. 1995)). By contrast, an officer who is "'pursuing his own goals and [i]s not in any way subject to control by [his public employer],'" <u>Id.</u> (quoting <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1151 (3rd Cir. 1995), does not act under color of law, unless he "purport[s] or pretend[s]" to do so, <u>id.</u> Officers who engage in confrontations for personal reasons unrelated to law enforcement, and do not "purport[] or pretend[]" to be officers, do not act under color of law. <u>Id.</u>

As demonstrated by the Affidavit of Harold Uehara, all of Defendant Officers were off-duty and participating in a social gathering at the time of the alleged incident. UEHARA was not in uniform, nor did he ever identify himself as a police officer. See Affidavit of Harold Uehara.

Clearly, the alleged actions of the Defendant Officers were not effectuated under color of law. As such, any claim for

damages arising out of 42 U.S.C. § 1983 should be dismissed as a matter of law.

V.  CONCLUSION:

Based on the foregoing, as well as the record and file herein, Defendant HAROLD UEHARA respectfully requests that this Honorable Court grant his Motion for Partial Summary Judgment.

DATED:  Honolulu, Hawaii, October 25, 2007.

   /s/ Cary T. Tanaka
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
HAROLD UEHARA