CARRIE K.S. OKINAGA, 5958
Corporation Counsel
D. SCOTT DODD, 6811
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawai`i  96813
Telephone: (808) 523-4890/Facsimile: (808) 523-4583
e-mail: dsdodd@honolulu.gov

Attorneys for Defendants
City and County of Honolulu; Alan Rivers,
Rick S.Y. Yi and August C. Belden

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ROBERT SOUZA,<br><br>       Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALAN RIVERS, in his individual and official capacity; RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,<br><br>       Defendants.<br>_____ | Civil No. CV04 00535 BMK<br>(Other Civil Rights)<br><br>DEFENDANTS CITY AND COUNTY OF HONOLULU, ALAN RIVERS, RICK S.Y. YI, AND AUGUST C. BELDEN'S REPLY TO PLAINTIFF ROBERT SOUZA'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>Trial Date:  March 18, 2008 |

DEFENDANTS CITY AND COUNTY OF HONOLULU,
ALAN RIVERS, RICK S.Y. YI, AND AUGUST C. BELDEN'S
REPLY TO PLAINTIFF ROBERT SOUZA'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

COMES NOW, Defendants City and County of Honolulu ("City"), Alan Rivers ("Rivers"), Rick S.Y. Yi ("Yi"), and August C. Belden ("Belden"), (hereinafter collectively referred to as the "City Defendants"), by and through their attorneys, Carrie S.K Okinaga, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, and hereby reply to Plaintiff Robert Souza's Opposition to Defendant City's Motion for Summary Judgment filed October 17, 2007, and to Defendants Rivers, Yi, and Belden's Motion for Summary Judgment filed October 26, 2007 ("Opposition").

I.   DISCUSSION

    A.   **Claims Against City And County of Honolulu**

        1.   §1983 Claims

Plaintiff Robert Souza ("Plaintiff") has not opposed the City's motion with respect to his § 1983 claims. Therefore, judgment should be entered in favor of the City and against Plaintiff on Plaintiff's § 1983 claims.

        2.   Respondeat Superior

Plaintiff claims that there is evidence on the record showing that the individual defendants were acting within the course and scope of employment as police officers during the incident. Plaintiff claims the record shows that the

individual defendants were celebrating at the club during their work hours, and cites his own recorded statement as evidence that the officers were at the club during their work hours. However, a close scrutiny of Plaintiff's "evidence" is that Plaintiff is not sure what time the individual defendants arrived at the club, and he "cannot be specific," but "thinks" it was "after 6:00 p.m." In fact, Plaintiff cannot dispute the individual defendants' contentions that they all arrived after their shift ended and were not on duty; he can only dispute when they arrived at the club. This does not constitute a dispute of material fact. Also, Plaintiff's argument is contradicted by his own deposition testimony, wherein he testified that the incident occurred between nine and ten p.m. (Deposition of Robert Souza taken on March 7, 2007, page 38, line 23 through page 39, line 2.)

     Further, Plaintiff's claim that Defendant Yi "invoked his authority as a police officer by threatening Souza with arrest and physically restraining him" is not supported by the evidence. The evidence shows that Defendant Yi said something to the effect of "you want to get arrested?" This is far from "invoking authority" as a police officer. Any private citizen may make such a comment to an individual involved in an altercation who seems intent on continuing the altercation. There is nothing about such a comment that would be exclusive to a police officer. A different conclusion could be drawn if Defendant Yi stated something like "I will arrest you."

Plaintiff cites Russel v. Noullet, 706 So.2d 540 (1998) as supposed authority that the individual defendants were acting in the course and scope of their employment. In that case, the off-duty office announced he was a police officer, pulled out his weapon, and fired several shots into the air. The present case bears little resemblance to Russell other than that the parties were at a social gathering when the incident occurred. In the present case, there is no evidence that any of the individual defendants announced they were police officers, that any of them pulled their weapons, or that any of them fired any shots. The difference in conduct between the off-duty officer in Russell and the individual defendants in the present case is highly significant.

Although Plaintiff claims that the individual defendants were acting in the course and scope of employment, he cannot and does not dispute that their conduct might have been precisely the same had they not been employed as police officers. There is nothing in the record that indicates that the individual defendants did anything other than break up an altercation between Plaintiff and Defendant Uehara. Merely separating two individuals involved in an altercation does not compel a conclusion that Defendants Rivers, Yi or Belden were acting as anything other than private citizens during the incident.

### B. Claims Against Defendants Belden, River and Yi

Plaintiff cites Gritchen v. Collier, 254 F.3d 807, 813 (9th Cir. 2001) for the proposition that "[w]hether defendants acted under color of state law is a question of fact." However, a careful reading of Gritchen does not indicate this as precisely the rule of law. In Gritchen the court stated as follows:

> Unquestionably [the officer] was acting under color of state law when he stopped and ticketed Gritchen. However, *that* activity is not at issue in this case. Just because Collier is a police officer does not mean that everything he does is state action. *See Van Ort v. Estate of Stanewich,* 92 F.3d 831, 838 (9th Cir.1996) ("The district court was not required to find that [the officer] acted under color of state law merely because he was a law enforcement officer;" actions assaulting and attempting to rob victims were the deputy's private actions and were not under color of law).

254 F.3d 807, 812. Similarly, just because Defendants Belden, Rivers and Yi are employed as police officers does not mean that their activities at the club that evening were under color of law.

Plaintiff also argues that he "knew or reasonably believed that Defendants were employed as police officers of the City and County of Honolulu." The relevance of this is negligible. Plaintiff's subjective knowledge does not factor into whether the individual defendants were acting under color of law. There is no evidence in the record that what the individual defendants did was anything other than assisting an acquaintance and separating combatants in an altercation. Plaintiff argues that "Defendants invoked their authority as police officers," but

does not state how or what they supposedly did that constitutes such assumption of authority.

Plaintiff claims Defendants Rivers and Yi's motion should be denied because they acted under color of state law when they restrained Plaintiff thereby preventing Plaintiff from defending himself against Defendant Uehara's attacks. Defendants Rivers and Yi contend this is a mischaracterization of the evidence which this Court need not consider in deciding on the present motion.  Plaintiff admits he took the first swing at Defendant Uehara in the altercation and there is no evidence that Rivers or Yi prevented Plaintiff from defending himself.  All Rivers and Yi actually did was separate Plaintiff from Uehara.  There is no dispute as to a material fact preventing the Court from granting summary judgment in their favor.

As for Defendant Belden, Plaintiff's only argument that Belden's motion should be denied is that Belden "failed to take any steps to protect Plaintiff from Defendant Uehara's attacks."  Defendant Belden submits this is another mischaracterization of the evidence; the evidence clearly shows that Belden only took steps to separate Plaintiff and Uehara.  Further, Plaintiff's argument is based upon the mistaken assumption that Defendant Belden was acting as a police officer at the time of the incident - even if Plaintiff's assertion were true, as a civilian bystander Defendant Belden would have no duty to protect Plaintiff from anything.

Plaintiff has no evidence of any material fact preventing this Court from entering judgment in favor of Defendant Belden and against Plaintiff.

II. <u>CONCLUSION</u>

Based on the foregoing, Defendants City and County of Honolulu, August C. Belden, Alan Rivers and Rick Y.S. Yi respectfully request that this Honorable Court grant the motion and enter summary judgment in their favor and against Plaintiff in this case.

DATED: Honolulu, Hawai`i, October 26, 2007.

          CARRIE K.S. OKINAGA
          Corporation Counsel

          By   /s/D. Scott Dodd
              D. SCOTT DODD
              Deputy Corporation Counsel

              Attorney for Defendants
              CITY AND COUNTY OF HONOLULU,
              ALAN RIVERS, RICK Y.S. YI AND
              AUGUST C. BELDEN