IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, ) <br> ) <br>       Plaintiff, ) <br> ) <br>   vs. ) <br> ) <br> CITY AND COUNTY OF ) <br> HONOLULU; HAROLD UEHARA, ) <br> in his individual and official ) <br> capacity, ALAN RIVERS, in his ) <br> individual and official capacity; ) <br> RICK S.Y. Yi, in his individual and ) <br> official capacity; AUGUST C. ) <br> BELDEN, in his individual and ) <br> official capacity; JEREMY HARRIS, ) <br> in his official capacity as Mayor; ) <br> LEE DONAHUE, in his official ) <br> capacity as Police Chief; TAVERN ) <br> 515, INC. d.b.a. CLUB ) <br> YURAKUCHO; HARRY NAKANI; ) <br> JOHN AND JANE DOES 1-10; ) <br> DOE PARTNERSHIPS 1-10; DOE ) <br> CORPORATIONS 1-10; and ) <br> OTHER DOE ENTITIES 1-10, ) <br> ) <br>       Defendants. ) <br> ) <br> _____ ) | Civ. No. 04-00535 BMK <br><br> ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART OFFICER UEHARA'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (3) GRANTING IN PART AND DENYING IN PART OFFICERS BELDEN, RIVERS, AND YI'S MOTION FOR SUMMARY JUDGMENT |

ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART OFFICER UEHARA'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (3) GRANTING IN PART AND DENYING IN PART OFFICERS BELDEN, RIVERS, AND YI'S <u>MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff Robert Souza ("Souza") filed a complaint on September 3, 2004, against Defendants the City and County of Honolulu ("the City"); Officer Harold Uehara ("Uehara"); Officer August C. Belden ("Belden"); Officer Alan Rivers ("Rivers"); Officer Rick S.Y. Yi ("Yi") (collectively, "the defendant officers"); Mayor Jeremy Harris, Chief of Police Lee Donahue; Tavern 515, Inc., doing business as Club Kurakucho; and the club's owner, Harry Nakaki.  The City moved for summary judgment on October 17, 2007.  Three days later, on October 20, Belden, Rivers, and Yi also moved for summary judgment, and Uehara followed with his own motion for summary judgment on October 25.  All three motions were heard on November 28, 2007.  After careful consideration of the motions, the supporting and opposing memoranda, and the arguments of counsel, the City's motion is hereby GRANTED IN PART and DENIED IN PART, Uehara's motion for partial summary judgment is similarly GRANTED IN PART and DENIED IN PART, as is the motion for summary judgment of Belden, Rivers, and Yi., which is also GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On August 13, 2003, Souza was involved in an altercation with Sergeant Uehara at Club Kurakucho. Sergeant Uehara was at the bar with three fellow police officers, Rivers, Yi, and Belden. The details of this altercation are somewhat disputed. Souza alleges that the defendant officers were already there when he entered Club Kurakucho between 6:15 and 6:30 p.m. (Uehara's Mem. Supp. Mot., Ex. B, hereafter "Souza Depo.," at 32), while Uehara states that he arrived at the club "between 10:00 and 10:30 p.m." (Uehara Affidavit ¶ 6.) Souza alleges that while on a trip to the bathroom outside the club, he oversaw an altercation brewing in the parking lot between Belden and Uehara. He claims that Uehara saw Souza, challenged him, and bumped him on the chest, after which Souza struck Uehara twice in self defense. Uehara, on the other hand, claims that Souza punched him without provocation. (Uehara Affidavit ¶ 9.)

By all accounts, Souza was then restrained by Yi and Rivers, who pinned Souza against the wall. Yi asked Souza if he wanted to get arrested, and after a few minutes, Souza was allowed to return to the bar, accompanied by Rivers. (Pl.'s Concise Statement, Ex. 7.) Once back inside at the bar, Souza was

again confronted by Uehara, and was once again restrained by Yi and Rivers. (Pl.'s Concise Statement, Ex. 8.) Souza claims that he was then punched by Uehara, while being restrained by Rivers and Yi. This is supported by Rivers' account of the incident, although Souza and Rivers differ on the force delivered by Uehara's punch. (Pl.'s Concise Statement, Ex. 7.) Uehara does not mention any additional physical contact between himself and Souza, but neither does he state that no additional physical contact occurred. Souza claims he was then led into the club's kitchen and held there for an additional five minutes by Rivers, after which he was finally released.

### RELEVANT LAW

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

## DISCUSSION

### I. CITY AND COUNTY OF HONOLULU

Souza's Second Amended Complaint alleges that the City has violated 42 U.S.C. § 1983 through its failure to properly train its police officers. The City requests summary judgment on this issue, arguing that "there is no evidence that the City was aware of, condoned, instituted or allowed to be instituted the infliction of physical injury on Plaintiff or that the City had a policy encouraging such conduct." (City Mem. Supp. Mot. 11.) In addition, the City provides evidence that recruits are required to undergo a Recruit Training Course in which they are

instructed on acceptable arrest techniques and the administration of first aid and medical care. (City Mem. Supp. Mot., Ex. B.)

Souza does not oppose the request for summary judgment on his § 1983 claims against the City. Rather, Souza contends that full summary judgment in favor of the City is not warranted because Souza has other viable claims against the City in addition to his § 1983 claims. In particular, Souza contends that the City is vicariously liable to him for its officers' actions on the evening of August 13, 2003, since these actions were torts committed within the course and scope of the officers' employment by the City. The City did not address the issue of vicarious liability in its motion for summary judgment; in part, no doubt, because Souza's Second Amended Complaint does not plainly identify it as an additional claim against the City.

Because the issue is not properly before the Court at this time, the Court declines to rule on whether or not the defendant officers' actions were taken in the course and scope of their employment. Summary judgment in favor of the City is hereby GRANTED IN PART with respect to any § 1983 claims asserted against it, and DENIED IN PART with respect to Souza's vicarious liability claims.

II.  DEFENDANT OFFICERS

    A.  <u>Claims Against the Officers in Their Official Capacities</u>

        Souza alleges claims against the defendant officers in both their official and individual capacities.  The officers assert that claims against them in their official capacities are duplicative of Souza's vicarious liability claims against the City.  The defendant officers point out that "[a] suit against a law enforcement official in his official capacity generally represents merely another way of pleading the action against the entity of which the official is an agent," <u>Carnell v. Grimm</u>, 872 F. Supp. 746, 752 (D. Haw. 1994) (dismissing plaintiff's claims against local police officers in their official capacities as duplicative of plaintiff's claims against the City & County of Honolulu, and stating that "courts should treat such suits as suits against the governmental entity").

        Souza concedes that "[t]o the extent that Defendant City and County otherwise consents to litigate its liability on this issue [of vicarious liability], Plaintiff does not object to the dismissal of these claims [against the defendant officers]." (Mem. Opp. 18, n.13.)  As the Court has already stated, the merits of whether or not the officers were in fact acting in their official capacity is not before

the Court at this time. Nonetheless, the Court agrees that Souza's claims against the officers in their official capacity duplicate Souza's claims that the City is vicariously liable for any torts the officers may have committed under state law. While the City may be liable for the officers' torts, the officers themselves do not have any *additional* liability for their "official capacity" actions. Accordingly, the defendant officers' request for summary judgment on the claims against them in their official capacities is GRANTED to the extent that Souza may still assert vicarious liability claims for the officers' actions against the City.

### B. Claims Against the Officers in Their Individual Capacities

The defendant officers also request summary judgment for the § 1983 claims against them in their individual capacities. To prevail under § 1983, a plaintiff "must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law." Kirtley v. Rianey, 326 F.3d 1088, 1092 (9th Cir. 2003). Police officers' actions are considered to be under color of law where they are "in some way related to the performance of their official duties." Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996).

### 1. Sergeant Uehara

Sergeant Uehara contends that he did not act under "color of state law" because he was "off-duty and participating in a social gathering" and because he "was not in uniform, nor did he ever identify himself as a police officer." (Mem. Supp. Uehara Mot. 9.) Uehara likens the present situation to the situation in Huffman v. County of Los Angeles, 147 F.3d 1054 (9th Cir. 1998), where an off-duty sheriff's deputy was found to not be acting under color of law when he shot and killed another patron in a barroom brawl.

In Huffman, however, the other patron neither knew, nor had any reason to know, that the deputy was a law enforcement officer. 147 F.3d at 1056. Not only did the deputy not reveal this information, but he actively misled the other patron about his employment. Id. Here, on the other hand, Souza has alleged that this was a bar frequented by police officers and that he in fact knew Uehara and the other three defendant officers were police officers by their dress and conversation. (Souza Depo. 43.) Moreover, the defendant officers invoked their authority as police officers when Yi asked Souza if he wanted to get arrested. (See Pl.'s Concise Statement, Ex. 7.) When the facts are viewed in a light most

favorable to Souza, Uehara acted under color of state law and Uehara's motion for partial summary judgment is DENIED.

### 2. Officers Rivers, Yi, and Beleden

Officers Rivers, Yi, and Belden similarly move for summary judgment on the grounds that they were not acting under color of law. Like Uehara, they rely on Huffman, 147 F.3d 1054. As discussed above, however, the situation here is quite different than it was in Huffman. Here, when the facts are viewed in the light most favorable to Souza, the officers actually invoked their authority as police officers by asking Souza if he wanted to be arrested.

In addition, Rivers, Yi, and Belden assert that even if they were acting under color of law, they are entitled to qualified immunity for their actions. Qualified immunity is granted where either (1) no constitutional right has been violated, or (2) where a reasonable officer would believe that his or her conduct would not violate a clearly established constitutional right. See Sauceier v. Katz, 533 U.S. 194 (2001).

Here, Souza alleges that Rivers and Yi's use of force in restraining him violated his constitutional rights under the Fourth Amendment. A person's

Fourth Amendment rights are violated where police officer uses force that is not "objectively reasonable based on his contemporaneous knowledge of the facts." Deorle v. Rutherford, 272 F.3d 1272, 1281 (9th Cir. 2001). When the facts are viewed in the light most favorable to Souza, it is Rivers and Yi's restraint of Souza that afforded Uehara the opportunity to punch Souza during their second confrontation, and what prohibited Souza from defending himself. Viewed in this light, the officers' use of force to restrain Souza in this way–leaving him defenseless against Uehara–was not objectively reasonable based on their knowledge of the facts at the time. Rivers and Yi have failed to show that they did not violate Souza's Fourth Amendment rights, or that a reasonable officer would have believed that such conduct did not violate a constitutional right. Accordingly, Yi and Rivers' request for qualified immunity is DENIED.

Belden, on the other hand, does not appear to have participated in these events in any way. He did not help to restrain Souza, either outside the bar, or later on, inside the bar. Souza has not pointed to any facts supporting his contention that his constitutional rights were violated by Belden. Accordingly, Belden's request for qualified immunity is hereby GRANTED.

CONCLUSION

For the foregoing reasons, the City's motion for summary judgment is GRANTED IN PART with respect to all § 1983 claims against the City; Uehara's motion for summary judgment is GRANTED IN PART with respect to claims against him in his official capacity, and DENIED IN PART with respect to claims against him in his individual capacity; Rivers, Yi, and Belden's motion for summary judgment is GRANTED IN PART with respect to Belden, who is granted qualified immunity, and is further GRANTED IN PART with respect to the claims against Rivers and Yi in their official capacities, but is DENIED IN PART with respect to the claims against Rivers and Yi in their individual capacities.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: December 3, 2007

Souza v. City and County of Honolulu; Civ. No. 04-00535 BMK; ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT CITY AND COUNTY'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART OFFICER UEHARA'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (3) GRANTING IN PART AND DENYING IN PART OFFICERS BELDEN, RIVERS, AND YI'S MOTION FOR SUMMARY JUDGMENT.