CARRIE K.S. OKINAGA, 5958
Corporation Counsel

D. SCOTT DODD, 6811
KATE S. METZGER, 8589
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4890/(808) 527-6837
Facsimile:  (808) 523-4583
Email:  ddodd@honolulu.gov/kmetzger@honolulu.gov

Attorneys for Defendants
City and County of Honolulu,
Alan Rivers, Rick S.Y. Yi and
August C. Belden

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | ) Civil No. CV04 00535 DAE BMK |
| | ) (Other Civil Rights) |
| Plaintiff, | ) |
| | ) DEFENDANTS CITY AND COUNTY |
| vs. | ) OF HONOLULU, ALAN RIVERS |
| | ) AND RICK S.Y. YI'S PRE-TRIAL |
| CITY AND COUNTY OF | ) STATEMENT; CERTIFICATE OF |
| HONOLULU; HAROLD UEHARA, in | ) SERVICE |
| his individual and official capacity, | ) |
| ALAN RIVERS, in his individual and | ) |
| official capacity; RICK S.Y. YI, in his | ) |
| individual and official capacity; | ) |
| AUGUST C. BELDEN, in his | ) |
| individual and official capacity, | ) |
| JEREMY HARRIS, in his official | ) |
| capacity as Mayor; LEE DONOHUE in | ) |
| his individual and official capacity as | ) |

| | |
|---|---|
| Police Chief; TAVERN 515, INC. d.b.a. | ) |
| CLUB YURAKUCHO, | ) |
| HARRY NAKAKI; JOHN AND JANE | ) |
| DOES 1-10; DOE PARTNERSHIPS | ) |
| 1-10; DOE CORPORATIONS 1-10; | ) |
| and OTHER DOE ENTITIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

DEFENDANTS CITY AND COUNTY OF HONOLULU,
ALAN RIVERS AND RICK S.Y. YI'S PRE-TRIAL STATEMENT

Comes now, Defendants City and County of Honolulu ("City"), Alan Rivers ("Rivers"), and Rick S.Y. Yi's ("Yi") (collectively referred to as "Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and D. Scott Dodd and Kate S. Metzger, Deputies Corporation Counsel, and, pursuant to Rule 16.6 of the Rules of the United States District Court for the District of Hawaii, hereby submits the following Pre-Trial Statement.

A.   PARTIES:

This Pre-Trial Statement is being filed on behalf of Defendants City, Rivers and Yi.

B.   JURISDICTION AND VENUE:

This Honorable Court has original jurisdiction over this matter pursuant to 42 U.S.C. §§ 1983 and 1988, et seq. and 28 U.S.C. §§ 1331 and 1343.

C.   SUBSTANCE OF THE ACTION:

This case arises out of an alleged altercation which took place on or about August 13, 2003, between Plaintiff ROBERT SOUZA ("Plaintiff") and Defendants HAROLD UEHARA, ALAN RIVERS, RICK Y.S. YI and AUGUST C. BELDEN[1] (collectively "Defendant Officers").  The incident alleged took place at Club Yurakucho, a bar which was located on 1200 College Walk in Honolulu Hawaii.

The Complaint alleges that Plaintiff was assaulted by the four Defendant Officers who were off duty and patronizing the bar.  Plaintiff also alleges that Defendant City failed to maintain, train and control its police officers and that said failure resulted in a custom, practice, and/or policy of the department of violating the civil rights of Plaintiff.

Discovery has revealed that, on the day in questions, Plaintiff was a patron of the bar and had started drinking sometime in the afternoon or early evening. Later that evening, the Defendant Officers arrived at the bar, having just completed their shift and being off duty.

During the course of the evening, a couple of the Defendant Officers began having a heated discussion.  Shortly thereafter, they exited the bar to take their discussion outside.

---

[1] The Court has dismissed all claims against Defendant August C. Belden

Plaintiff, being curious as to what was going on, then exited the bar wherein he claims to have observed Defendant Uehara and Defendant Belden facing off with each other. Defendants deny that they were ever facing off with each other. Plaintiff then yelled out to Defendant Uehara something to the effect of "stop picking on the haole guy," apparently referring to Defendant Belden. Defendant Uehara then walked towards Plaintiff to find out what he was yelling about and to tell him to mind his own business. As Defendant Uehara approached, Plaintiff suddenly and without warning reached over and punched Defendant Uehara on the jaw, causing Defendant Uehara to fall to the ground. In a record given to the Honolulu Police Department's Internal Affairs Division, Plaintiff later admitted to punching Defendant Uehara and causing him to fall to the ground. Defendant Yi, who had also exited the bar, then rushed over to separate Defendant Uehara and Plaintiff. Plaintiff was then escorted back into the bar.

Plaintiff alleges that Defendant Uehara returned to the bar and that Defendant Rivers and Defendant Yi then held Plaintiff's arms as Defendant Uehara punched him. Although this is not disputed that Defendant Uehara did return to the bar, all of the other witnesses have testified that Plaintiff was never restrained by the other Officers, and that Plaintiff was never assaulted by anyone.

D.   UNDISPUTED FACTS:

1.   Defendants Rivers and Yi were at all relevant times residents of the City and County of Honolulu, State of Hawaii.

2.   Defendant City and County of Honolulu is a municipal corporation organized under the laws of the State of Hawaii.

3.   The Defendant Officers were off duty at the time of the alleged incident.

E.   DISPUTED FACTUAL ISSUES:

1.   Defendants dispute the fact that Plaintiff's constitutional rights were ever violated.

2.   Defendants dispute the fact that they intentionally or negligently caused Plaintiff to suffer any injuries herein.

3.   Defendants also dispute any and all allegations of liability on their part.

F.   RELIEF PRAYED FOR:

Not applicable.

G.   POINTS OF LAW:

Defendants Uehara, Rivers, Yi and the City have previously filed motions for partial summary judgment with regard to the constitutional claims being

asserted by Plaintiff. Although this Honorable Court has denied said motions, the points of law set forth therein are hereby incorporated by reference.

H.  PREVIOUS MOTIONS:

As set forth above, Defendants filed Motions for Partial Summary Judgment which were denied by this Honorable Court.

I.  WITNESSES TO BE CALLED:

1.  Plaintiff Robert Souza:  Will testify as to the facts leading up to the events of the night in question, as well as his claim for damages.

2.  Denise Souza:  Will testify as to Plaintiff's injuries and his claim for damages.

3.  Zachary Souza:  Will testify as to Plaintiff's injuries and ability to participate in and attend various sporting events.

4.  Defendant Harold Uehara:  Will provide testimony regarding the facts leading up to the events of the night in question, as well as the injuries he sustained therein.

5.  Defendant Alan Rivers:  Will provide testimony regarding the facts leading up to the events of the night in questions, the status of his work schedule, his observations of Plaintiff, etc.

6.   Defendant Rick S.Y. Yi:  Will provide testimony regarding the facts leading up to the events of the night in question, the status of his work schedule, his observations of Plaintiff, etc.

7.   August C. Belden:  Will provide testimony regarding the facts leading up to the events of the night in question, the status of his work schedule, his observations of Plaintiff, etc.

8.   Harry Nakaki:  The former owner of Club Yurakocho, will provide testimony as to the events of the night in question, as well as his observations of Plaintiff's mental state of mind.

9.   Donald Meinel:  Will provide testimony as to the number of drinks consumed by Plaintiff on the night of the incident, when Plaintiff began consuming alcohol, and Plaintiff's state of mind on the evening in question.

10.  Patricia Morton:  Will provide testimony as to the events of the evening in question, her discussions with Plaintiff prior to the alleged altercation, the events following the alleged altercation, and the statements made by Plaintiffs following the alleged altercation.

11.  Joanne Terada:  Will provide testimony as to the events of the evening in question, her discussions with Plaintiff prior to the alleged altercation, the events following the alleged altercation, and the statements made by Plaintiffs following the alleged altercation.

12. Nathan Suzuki: Will testify as to Plaintiff's post-incident injuries, etc.

13. Alfred Jurison: Will testify as to Plaintiff's post-incident injuries, etc.

14. Ida Quinn: Will testify as to the extent of injuries sustained by Defendant Uehara.

15. Custodian of Records of Straub Clinic: Will testify as to the accuracy of the medical records of Plaintiff.

16. Custodian of Records of Kaiser Permanente: Will testify as to the accuracy of the medical records of Plaintiff.

17. Custodian of Records of Drs. Nicholas R. Pruitt and William Hu, D.M.D.: Will testify as to the accuracy of the dental records of Plaintiff.

18. Custodian of Records of American Land Company: Will testify as to the accuracy of the business records of American Land Company.

19. Dr. Robert Lindberg: Will testify regarding Plaintiff's pre-incident physical condition and injuries.

20. Dr. James Langworthy: Will testify regarding Plaintiff's pre-incident physical condition and injuries.

21. Dr. John Endicott: Will testify regarding Plaintiff's pre-incident physical condition and injuries.

22. Dr. Dennis Lind: Will testify regarding Plaintiff's pre-incident physical condition and injuries.

23. William Hu, D.M.D.: Will testify regarding the extent of dental injuries sustained by Plaintiff, as well as his pre-incident dental condition.

24. Nicholas Pruett, D.M.D.: Will testify regarding the extent of dental injuries sustained by Plaintiff, as well as his pre-incident dental condition.

25. Dr. Won-Yee Cheng: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

26. Dr. Sharin Sakurai: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as her diagnosis and prognosis.

27. Dr. John Frauens: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

28. Dr. Lynne M. Grieco: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as her diagnosis and prognosis.

29. Dr. Jennifer Pang: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as her diagnosis and prognosis.

30. Dr. Michon Morita: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

31. Dr. Torrey Goodman: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

32. Dr. Paul Glen: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

33. Dr. Frederick Merchant: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

34. Dr. Katrena Kennedy: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis.

35. Dr. Rick Broadfoot: Will testify regarding the injuries sustained by Plaintiff, both before and after the alleged incident, as well as his diagnosis and prognosis. (Kaiser)

36. John Lyles, American Land Company: Will testify about Plaintiff's maintenance contract, as well as the extent of his contract, the work her performed, and the reason that his contract was eventually terminated.

37. Harriet Kawakami, American Land Company: Will testify about Plaintiff's maintenance contract, as well as the extent of his contract, the work he performed, and the reason that his contract was eventually terminated.

38. Defendants reserve their right to name further witnesses which discovery deems appropriate.

J. EXHIBITS, SCHEDULES AND SUMMARIES:

1. Medical records from Straub Clinic and Hospital regarding Plaintiff's medical status.

2. Medical records from Kaiser Permanente regarding Plaintiff's medical status.

3. Medical records from Queen's Medical Center regarding Plaintiff's medical status.

4. Dental records from Drs. Nicholas R. Pruitt and William Hu, D.M.D. regarding Plaintiff's dental status.

5. Plaintiff's various interrogatory responses.

6. Recorded statement of Plaintiff provided to Honolulu Police Department.

    7.    Plaintiff's tax returns and GET filings.

    8.    Photographs of Harold Uehara.

    9.    Various photographs of the scene of the alleged altercation.

    10.    Blueprints of scene of the alleged altercation.

    11.    Defendants reserve their right to submit further exhibits which discovery deems appropriate.

    K.    <u>FURTHER DISCOVERY OF MOTIONS</u>:

There is a possibility that a preservation deposition of an independent witness may have to be conducted as he has indicated that he may be unavailable at the time of trial. The defense has requested to continue with the deposition of Plaintiff as well. However, Plaintiff's counsel has refused to make him available before trial. These matters will be addressed at the February 20, 2008, status conference before Magistrate Kurren.

There are no motions anticipated at this time.

    L.    <u>STIPULATIONS</u>:

None at this time.

    M.    <u>AMENDMENTS, DISMISSALS</u>:

None.

    N.    <u>SETTLEMENT DISCUSSIONS</u>:

The parties have attempted to discuss settlement but are too far apart.

O.  AGREED STATEMENT:

Defendants are amenable to present an agreed upon statement of facts with regard to these matters.

P.  BIFURCATION, SEPARATE TRIAL OF ISSUES:

Defendants do not have any objection to the bifurcation of the issue of liability and damages for this case.

Q.  REFERENCE TO MASTER OR MAGISTRATE JUDGE:

This case has been assigned to the Honorable Magistrate Judge Barry Kurren for adjudication.

R.  APPOINTMENT AND LIMITATION OF EXPERTS:

Defendants do not envision the need for a court appointed expert in this case.

S.  TRIAL:

Trial is currently scheduled to commence on March 18, 2008.

T.  ESTIMATE OF TRIAL TIME:

It is anticipated that trial in this matter will take approximately four to five working days.

U.  CLAIMS OF PRIVILEGE OR WORK PRODUCT:

There are no matters which are required to be stated in this pre-trial statement which may be subject to the attorney-client privilege and/or attorney

work product doctrine. However, there will be issues raised with regard to documents that were generated pursuant to a Honolulu Police Department Internal Affairs Division investigation of this incident.

V.     MISCELLANEOUS:

None.

DATED: Honolulu, Hawai`i, February 14, 2008.

                    CARRIE K.S. OKINAGA
                    Corporation Counsel

                By   /s/D. Scott Dodd
                    D. SCOTT DODD
                    KATE S. METZGER
                    Deputies Corporation Counsel

                    Attorneys for Defendants
                    CITY AND COUNTY OF HONOLULU,
                    ALAN RIVERS, RICK Y.S. YI AND
                    AUGUST C. BELDEN