ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| LAWRENCE I. KAWASAKI | 5820 |
| DELLA A. BELATTI | 7945 |

820 Mililani Street, Suite 714
Honolulu, Hawai'i  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ROBERT SOUZA, | ) | CIVIL NO. CV 04-00535 BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S PRETRIAL |
| | ) | STATEMENT; CERTIFICATE OF |
| CITY AND COUNTY OF | ) | SERVICE |
| HONOLULU; HAROLD | ) | |
| UEHARA, in his individual and | ) | |
| official capacity; ALAN RIVERS, | ) | |
| in his individual and official | ) | |
| capacity; RICK S.Y. YI, in his | ) | |
| individual and offical capacity; | ) | |
| AUGUST C. BELDEN, in his | ) | |
| individual and official capacity; | ) | |
| JEREMY HARRIS, in his official | ) | |
| capacity as Mayor; LEE | ) | |
| DONOHUE in his individual and | ) | |
| official capacity as Police Chief; | ) | |
| TAVERN 515, INC. d.b.a. CLUB | ) | |
| YURAKUCHO; HARRY | ) | (Trial: March 18, 2008) |

| | |
|---|---|
| NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOES ENTITIES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

PLAINTIFF'S PRETRIAL STATEMENT

Plaintiff ROBERT SOUZA (hereinafter "Plaintiff"), by and through his attorneys, hereby submits his Pretrial Statement pursuant to Local Rule 16.6, Rules of the United States District Court for the District of Hawaii.

I.   Jurisdiction and Venue

The civil rights claims asserted herein present a question of federal law thereby conferring jurisdiction upon the court under 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(3), and the court has jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367.

Venue is appropriate because all of the Defendants' relevant acts or omissions took place in the District of Hawaii.

II.   Substance of the Action

Plaintiff alleges claims against Defendants Harold Uehara, Alan Rivers, and Rick S.Y. Yi individually for assault and battery, and for violation of his

Constitutional rights under 42 U.S.C. §1983.

Plaintiff alleges claims against Defendant City and County of Honolulu for the tortious acts and/or omissions of Defendants Harold Uehara, Alan Rivers, and Rick S.Y. Yi on the evening of August 13, 2003 at "Club Yurakucho" under the doctrine of respondeat superior.

III.   Undisputed Facts

1.   Plaintiff and Defendants Harold Uehara, Allan Rivers, Rick Yi, and August Belden were at "Club Yurakucho" on the evening of August 13, 2003.

2.   Harry Nakaki was the proprietor of "Club Yurakucho" at all times pertinent hereto.

3.   While inside "Club Yurakucho" Defendant Uehara and Defendant Belden got into an argument and went outside to resolve their differences.

4.   Defendants Yi and Rivers followed Defendants Uehara and Belden outside.

5.   Plaintiff went outside soon after.

6.   An altercation arose between Plaintiff and Defendants.

IV.   Disputed Facts

1.   All other material facts alleged in the Complaint are disputed.

V.      Relief Sought

Plaintiff seeks general, and special damages.

VI.     Points of Law

Plaintiff's §1983 claims arise from an assault committed on him by Defendant Uehara while he was being restrained by Defendants Yi and Rivers.

The phrase "under color of law" includes "under pretense of law." Screws v. United States, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). A police officer's actions are under pretense of law where they are "in some way related to the performance of their official duties." Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996); Vang v. Toyed, 944 F.2d 476, 480 (9th Cir. 1991)("For conduct to relate to state authority, it must bear some similarity to the nature of the powers and duties assigned to the defendants.").

In Anderson v. Warner, 451 F.3d 1063 (9th Cir. 2006), the Court ruled that the actions of an off-duty law enforcement officer are "under color of state law" where (1) the officer's acts are committed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties; (2) the officer's pretense of acting in the performance of his duties has the purpose of effect of influencing the behavior of others, and; (3) the challenged conduct is related in some meaningful way either to the officer's governmental status or to

the performance of his duties.  Id, at 1069-69.

In order to recover from an employer for damages resulting from the torts its agents or servants, the acts complained of must have been committed within the scope of the agent or servant's employment.  Abraham v. S.E. Onorato Garages, 446 P.2d 821, 50 Haw. 628, 50 Haw. 639 (1968); Costa v. Able Distributors, Inc., 653 P.2d 101, 2 Haw. App. 486 (1982); Russell v. Noullet, 706 So.2d 540, 544 (1998)("As a general rule, the determinative question is whether the employee's tortious conduct was so closely connected in time, place and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employee's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest.").

VI.   Previous Motions

Defendant's motion to dismiss the instant action filed January 16, 2004 was denied by the Court on April 6, 2004.

By Order filed December 3, 2007 the Court (1) granted summary judgment in favor of Defendant City and County with respect to Plaintiff's §1983 claims; (2) denied summary judgment to Defendant City and County with respect to Plaintiff's respondeat superior claims; (3) granted summary judgment to Defendants Uehara, Rivers, Yi and Belden with respect to Plaintiff's claims

against them in their official capacity; (3) denied summary judgment to Defendants Uehara, Rivers, and Yi with respect to Plaintiff's claims against them individually, and; (4) granted Defendant Belden summary judgment with respect to Plaintiff's claims on the basis of qualified immunity.

VII. <u>Witnesses</u>

Plaintiff intends to call the following witnesses at the trial in the above referenced matter:

(1) Robert Souza. Plaintiff Souza will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003, and his damages.

(2) Harry Nakaki. Mr. Nakaki will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003.

(3) Rick S.Y. Yi. Defendant Yi will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003.

(4) Alan Rivers. Defendant Rivers will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003.

(5) August Belden. Officer Belden will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003.

(6) Harold Uehara. Defendant Uehara will testify as to the circumstances surrounding the events at "Club Yurakucho" on the evening of August 13, 2003. Expected length of testimony, 2 hrs.

VIII. <u>Exhibits</u>

Plaintiff intends to offer the following exhibits at the trial in the above referenced matter:

| <u>Exhibit No.</u> | <u>Description</u> |
|---|---|
| P-1 | Incident Report dated August 15, 2003, Report No. 03/321-252, re. Report of assault on August 13, 2003 |
| P-2 | Plaintiff's Complaint to Internal Affairs, Honolulu Police Department dated November 6, 2003, w/ Transcript dated September 12, 2003 |
| P-3 | Duty Roster, Central Patrol Bureau - District 7, dated August 13, 2003 |
| P-4 | Transcript, Taped Interview of Harry Nakaki taken on Tuesday, September 9, 2003 |
| P-5 | Transcript, Taped Interview of Harry Nakaki taken on Thursday, January 22, 2004 |
| P-6 | Memorandum of Defendant Rick Yi dated December 9, 2003 |
| P-7 | Transcript, Taped Interview of Defendant Rick Yi taken on Wednesday, January 14, 2004 |
| P-8 | Memorandum of Defendant Alan R. Rivers dated December 9, 2003 |
| P-9 | Transcript, Taped Interview of Defendant Alan Rivers taken on January 14, 2004 |
| P-10 | Memorandum of Defendant August Belden dated December 17, 2003 |

| | |
|---|---|
| P-11 | Transcript, Taped Interview of Defendant August Belden taken on February 3, 2004 |
| P-12 | Memorandum of Defendant Harold Uehara dated December 24, 2003 |
| P-13 | Transcript, Taped Interview of Defendant Harold Uehara taken on January 22, 2004 |
| P-14 | Memorandum to Bart Huber, Major, District 7, Honolulu Police Department, re: "Disposition of Disciplinary Action IA03-0515," dated June 14, 2004 |
| P-15 | Medical Records, Kaiser Permanente, Hawaii Region, Medical Group |
| P-16 | Medical Records, William Hu, D.M.D., Inc. |

XI.  <u>Further Discovery</u>

The discovery deadline in this action was January 18, 2008. Plaintiff is informed and believes that counsel for Defendant Harold Uehara will be seeking to obtain the oral deposition testimony of Mr. Donald Minell who we understand will be not be available to testify at the trial of this action.

X.  <u>Settlement Discussion</u>

Plaintiff has declined Defendants' offer to settle this case for $5,000.00, no further settlement discussions expected.

XI. <u>Reference to Magistrate Judge</u>

By consent of the parties this action has been referred to United States Magistrate Judge Barry M. Kurren for trial.

XII. <u>Trial</u>

A jury trial of this matter is currently scheduled to commence on March 18, 2008.

XIII. <u>Estimate of Trial Time</u>

Plaintiff estimates it will take 3 trial days to present his case.

DATED:  Honolulu, Hawai'i,   February 14, 2008   .

      /s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date to the following at the address listed below:

    CARRIE K.S. OKINAGA, ESQ.    (Via CM/ECF)
    D. SCOTT DODD, ESQ.
    Department of the Corporation Counsel
    530 South King Street, Room 110
    Honolulu, Hawaii 96813
    E-mail: dsdodd@honolulu.gov

    Attorneys for Defendants
    CITY AND COUNTY OF HONOLULU,
    ALAN RIVERS, RICK S.Y. YI, and
    AUGUST C. BELDEN

    CARY T. TANAKA, ESQ.    (Via CM/ECF)
    DIANE K. AGOR-OTAKE, ESQ.
    Suite 510, Fort Street Tower
    745 Fort Street
    Honolulu, Hawaii 96813
    E-mail: carytanaka@aol.com

    Attorneys for Defendant
    HAROLD UEHARA

DATED: Honolulu, Hawaii,  February 14, 2008  .

        /s/ Eric A. Seitz
    ERIC A. SEITZ