IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, ) | CIVIL NO. CV 04-00535 BMK |
| ) | (Other Civil Rights) |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION |
| ) | |
| CITY AND COUNTY OF HONOLULU; ) | |
| HAROLD UEHARA, in his ) | |
| individual and official ) | |
| capacity, ALAN RIVERS, in his ) | |
| individual and official ) | |
| capacity; RICK S.Y. YI, in ) | |
| his individual and official ) | |
| capacity; AUGUST C. BELDEN, ) | |
| in his individual and ) | |
| official capacity; JEREMY ) | |
| HARRIS, in his official ) | |
| capacity as Mayor; LEE ) | |
| DONOHUE, in his individual ) | |
| and official capacity as ) | |
| Police Chief; TAVERN 515, ) | |
| INC. d.b.a. CLUB YURAKUCHO, ) | |
| HARRY NAKAKI; JOHN AND JANE ) | |
| DOES 1-10; DOE PARTNERSHIPS ) | |
| 1-10; DOE CORPORATIONS 1-10; ) | |
| and OTHER DOE ENTITIES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  BACKGROUND

    This case arises out of the alleged assault and battery of Plaintiff ROBERT SOUZA ("Plaintiff") which occurred on or about August 13, 2003.  On June 16, 2006, Plaintiff filed a Second Amended Complaint ("Complaint") in which he alleged violations of his rights under 42 U.S.C. § 1983 and the Fourth, Sixth and

Fourteenth Amendments of the United States Constitution. Plaintiff alleges that he was assaulted by Defendant police officers Harold Uehara, Alan Rivers, Rick S.Y. Yi, and August C. Belden in violation of his constitutional rights.

It is anticipated that during the trial, Plaintiff may attempt to present evidence of the incident report which was generated as a result of the August 13, 2003 incident ("Police Report"), as well as the Honolulu Police Department Internal Affairs Division's investigation relating to the August 13, 2003 incident, and/or any other disciplinary proceedings which relate to each of the individual defendants.

For the reasons set forth below, Defendant Uehara requests that this Honorable Court grant the instant motion in limine and preclude any party from presenting any evidence, either through testimony or documentation, which relates to the Police Report, to the Internal Affairs investigations relating to the August 13, 2003 incident, and/or Internal Affairs investigation which relate to any of the individual defendants.

II.  DISCUSSION

    A.  THE POLICE REPORT GENERATED IN THIS CASE CONTAINS INADMISSIBLE HEARSAY.

Plaintiff has informed defendants that he intends to make reference to, or admit into evidence, the police report which was generated as a result of the August 13, 2003 incident. Although referencing the fact that a police report was generated would not

be objectionable, any reference to the contents of said report would be inappropriate as the Police Report contains inadmissible hearsay.  Defendant UEHARA objects to any reference to the content of the Police Report herein.

    B.    ANY EVIDENCE OF ANY HONOLULU POLICE DEPARTMENT INTERNAL AFFAIRS INVESTIGATION REGARDING THE AUGUST 13, 2003 INCIDENT SHOULD BE EXCLUDED.

Evidence of any investigation conducted by the Honolulu Police Department Internal Affairs Division which relates to the August 13, 2003 incident should be deemed irrelevant pursuant to Rule 401, Federal Rules of Evidence ("FRE"), which states:

> 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.  At issue in this case is whether any of the defendants assaulted Plaintiff and/or violated Plaintiff's constitutional rights on August 13, 2003.  The fact that the Honolulu Police Department Internal Affairs Division conducted an investigation and issued findings of said investigation does not have a tendency to make the existence of any fact that is of consequence to the alleged assault and constitutional violation more probable or less probable than without such evidence.  On the contrary, any evidence which relates to this investigation would be irrelevant and inadmissible pursuant to FRE Rule 402.

Assuming, *arguendo*, that there is some probative value to the evidence of the Internal Affairs Division's investigation and findings, such evidence should nonetheless be excluded pursuant to FRE Rule 403, which states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. See, Maddox v. City of Los Angeles et al., 792 F.2d 1408 (9th Cir. 1986) where the plaintiff sought to introduce evidence of statements made by a defendant police officer during a subsequent internal police department disciplinary proceeding. The district court found the evidence was inadmissible with regard to the defendant police officer's liability pursuant to FRE 403.

> The prejudicial effect of this evidence was also arguably great.  The jury might have inferred that Officer Harris was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings.  The jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevancy of this evidence.

Maddox, 792 F.2d at 1417.

Likewise, in this case, if the factfinder were to be informed that an Internal Affairs investigation was conducted and that it resulted in certain findings, the factfinder might

conclude that the allegations being made by Plaintiff must have been true.  This would be improper as this conclusion would be based on considerations <u>other than the facts of the case</u> (i.e., the mere fact that there was an investigation, and that discipline was issued.)

Moreover, any reference to information provided through the Internal Affairs investigative process would be extremely prejudicial to the individual defendants in this case and as said information is many times provided without constitutional protections under the terms of the SHOPO Collective Bargaining Agreement.  In other words, there may be less constitutional protections built into the investigative process when it comes to gathering information from accused police officers during an internal investigation.  Again, allowing this type of information to get into the hands of the factfinder would give rise to an unjust and prejudicial result.

    C.    <u>ANY EVIDENCE OF ANY OTHER UNRELATED INVESTIGATIONS AND/OR DISCIPLINARY ACTION INVOLVING ANY OF THE INDIVIDUAL DEFENDANTS SHOULD BE EXCLUDED AS WELL.</u>

The issue in this case is whether any of the individual defendants had assaulted Plaintiff and/or violated Plaintiff's constitutional rights on or about August 13, 2003.  Evidence of prior investigations of the individual defendants which relate to other incidents, etc. would result in extreme prejudice and would be irrelevant.  The introduction or reference to any such

evidence would merely suggest that the individual defendants had a history of discipline and, as such, may have committed the alleged wrong on August 13, 2003.  Any such evidence would be irrelevant and not admissible pursuant to FRE Rule 402.

FRE 404(b) would also preclude the admission of evidence of unrelated investigations and/or disciplinary actions to prove conformity with certain alleged actions in this case and states in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed. R. Evid. 404(b).  For example, in <u>Duran v. City of Maywood et al.</u>, 221 F.3d 1127, 1132-33 (9th Cir. 2000) the plaintiffs filed a lawsuit against a police officer and the city for the death of their son after being shot by the defendant police officer.  In <u>Duran</u>, defendants filed a *motion in limine* seeking to exclude any evidence of a second shooting involving the defendant police officer three days after the subject shooting.  <u>Duran</u>, 221 F.3d at 1130.  The district court granted the *motion in limine* "stating that under Federal Rule of Evidence 403, 'the marginally probative value of the evidence is substantially outweighed by the danger of unfair prejudice to Defendants.'"

Duran, 221 F.3d at 1130.  The Court of Appeals, Ninth Circuit, affirmed the district court's ruling.[1]

Likewise, in Donald v. Rast et al., 927 F.2d 379 (8th Cir. 1991), the appellate court affirmed the district court's ruling that past disciplinary action of the police officer was not admissible as "its probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues." Donald, 927 F.2d at 381.

See also, DiRico v. City of Quincy et al., 404 F.3d 464 (1st Cir. 2005), which involved an allegation of excessive force by a police officer during an arrest.  In DiRico, the appellate court affirmed the trial court's ruling which granted the defendant

---

[1] In Duran, the Court of Appeals, Ninth Circuit, noted the following tests that must be satisfied before "other act" evidence is admissible:

> We have held that "other act" evidence is admissible under Rule 404(b) if the following test is satisfied: (1) there must be sufficient proof of the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charge.
> . . .
> Even if all four conditions are met, the evidence may still be excluded if under Rule 403, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Duran, 221 F.3d at 1132-33 (footnote omitted).

- 7 -

police officer's motion to exclude all evidence regarding an arrest which occurred several weeks prior to the arrest in question.  The appellate court noted that for evidence to be admissible under FRE 404(b) it must have "special relevance" (i.e., intent, knowledge, absence of mistake or accident) and "'must not include bad character or propensity as a necessary link in the inferential chain.'" DiRico, 404 F.3d 467-68 (quoting U.S. v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000)).

> Here, the evidence could not have had much probative value given that it related to a single, unsubstantiated claim of use of excessive force.  And, if the jury had been permitted to consider the evidence, there was certainly a danger that it would have viewed [the defendant] as prone to engaging in violent behavior and rendered a verdict on that improper basis.

DiRico, 404 F.3d at 468.

Assuming, *arguendo*, that there is some probative value to the evidence of unrelated investigations and/or disciplinary action of any of the individual defendants in this case, such evidence should nonetheless be excluded pursuant to FRE Rule 403 as it would be highly prejudicial to the individual defendants.  The factfinder could improperly infer that because an officer had been investigated and/or disciplined in the past, that he was more likely to have committed the wrongs alleged by Plaintiff in this case.  "Evidence is unfairly prejudicial if it 'invites the jury to render a verdict on an improper emotional basis.'"

DiRico, 404 F.3d at 469 (quoting Varoudakis, 233 F.3d at 122).

III. CONCLUSION

Based on the foregoing, Defendant Uehara respectfully requests that the instant motion be granted and that any party be precluded from presenting any evidence of the Police Report generated in this case, any evidence or documentation generated through the Internal Affairs investigation of the August 13, 2003 incident and/or any investigations and/or disciplinary proceedings which relate to other matters regarding any individual defendant in this case.

DATED: Honolulu, Hawaii, February 26, 2008.

      /s/ Cary T. Tanaka
CARY T. TANAKA
DIANE K. AGOR-OTAKE
Attorneys for Defendant
HAROLD UEHARA