IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | ) Civil No. CV04 00535 DAE BMK |
| | ) (Other Civil Rights) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT OF |
| vs. | ) MOTION IN LIMINE NO. 1 |
| | ) |
| CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity, ALAN RIVERS, in his individual and official capacity; RICK S.Y. YI, in his individual and official capacity; AUGUST C. BELDEN, in his individual and official capacity, JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 1

Defendants, City and County of Honolulu (hereinafter referred to as the

"City), Alan Rivers (hereinafter referred to as "Rivers") and Rick S.Y. Yi

(hereinafter referred to as "Yi") (hereinafter collectively referred to as "City

Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel, and D. Scott Dodd and Kate S. Metzger, Deputies Corporation Counsel, herein submits this memorandum in support of its motion *in limine,* No. 1.

I.     INTRODUCTION

This case arises out of the alleged assault and battery of Plaintiff Robert Souza (hereinafter "Plaintiff") which occurred on or about August 13, 2003. On June 16, 2006, Plaintiff filed a Second Amended Complaint ("Complaint") in which he alleged violations of his rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments of the United States Constitution. Plaintiff alleges that he was assaulted by Defendant police officers Harold Uehara, Alan Rivers, Rick S.Y. Yi, and August C. Belden in violation of his constitutional rights.

It is anticipated that during the trial, Plaintiff may attempt to present evidence of the incident report which was generated as a result of the August 13, 2003 incident ("Police Report"), as well as the Honolulu Police Department Internal Affairs Division's investigation relating to the August 13, 2003 incident, and/or any other disciplinary proceedings which relate to each of the individual defendants.

For the reasons set forth below, Defendants City and County of Honolulu, Alan Rivers and Rick S.Y. Yi requests that this Honorable Court grant the instant motion *in limine* and preclude any party from presenting any evidence, either

through testimony or documentation, which relates to the Police Report, to the Internal Affairs investigations relating to the August 13, 2003 incident, and/or Internal Affairs investigation which relate to any of the individual defendants.

II.   DISCUSSION

    A.   ANY EVIDENCE OF ANY HONOLULU POLICE DEPARTMENT INTERNAL AFFAIRS INVESTIGATION REGARDING THE AUGUST 13, 2003 INCIDENT SHOULD BE EXCLUDED.

Evidence of any investigation conducted by the Honolulu Police Department Internal Affairs Division which relates to the August 13, 2003 incident should be deemed irrelevant pursuant to Rules 401 and 402, Federal Rules of Evidence (FRE), which states as follows:

> **RULE 401. DEFINITION OF "RELEVANT EVIDENCE"**
>
> "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402 provides that irrelevant evidence is inadmissible and states as follows:

> **RULE 402. RELEVANT EVIDENCE GENERALLY ADMISSIBLE; IRRELEVANT EVIDENCE INADMISSIBLE**
>
> All relevant evidence is admissible, except as otherwise provided by the Constitutions of the United States and the State of Hawai`i, by statute, by these rules, or by other rules adopted by the supreme court.  Evidence which is not relevant is not admissible.

Rule 402 of the Hawaii Rules of Evidence specifically precludes the admission of irrelevant evidence.

At issue in this case is whether any of the defendants assaulted Plaintiff and/or violated Plaintiff's constitutional rights on August 13, 2003.  The fact that the Honolulu Police Department Internal Affairs Division conducted an investigation and issued findings of said investigation does not have a tendency to make the existence of any fact that is of consequence to the alleged assault and constitutional violation more probable or less probable than without such evidence. On the contrary, any evidence which relates to this investigation would be irrelevant and inadmissible pursuant to FRE Rule 402.

The investigative report that was issued as a result of Plaintiff's complaint of assault is hearsay and should not be admitted into evidence in the trial of this case. Ostensibly, Rule 803(8)(C) of the Federal Rules of Evidence would appear to govern this issue, however, the investigative report that is sought to be admitted is not the report of a public office or agency, nor is it a report from an investigation made "pursuant to authority granted by law."  The report at issue here was an internal investigation that was conducted based upon a complaint made by Plaintiff, a City employee.  This report is a personal matter and is not a public document; thus, it would not be released to the public under Hawaii Revised Statutes, Chapter 92F.  Moreover, this report is conducted pursuant to City policy

and not pursuant to "authority granted by law." Therefore, this report does not fit within the exception to the hearsay rule as contained in FRE Rule 803(8)(C).

Rule 803(8)(C) states as follows:

> **RULE 803. HEARSAY EXCEPTIONS;
> AVAILABILITY OF DECLARANT IMMATERIAL**
>
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> \* \* \*
> (8) *Public Records and Reports.* Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency; or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Even assuming *arguendo* that the investigative report is admissible pursuant to FRE Rule 803(8)(C), this Court must still make a determination if the report is barred by FRE Rule 403. Rule 403 states as follows:

> **RULE 403. EXCLUSION OF RELEVANT EVIDENCE
> ON GROUNDS OF PREJUDICE, CONFUSION, OR
> WASTE OF TIME**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the

> jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

See, Maddox v. City of Los Angeles et al., 792 F.2d 1408 (9th Cir. 1986) where the plaintiff sought to introduce evidence of statements made by a defendant police officer during a subsequent internal police department disciplinary proceeding. The district court found the evidence was inadmissible with regard to the defendant police officer's liability pursuant to FRE 403.

Likewise, in this case, if the factfinder were to be informed that an Internal Affairs investigation was conducted and that it resulted in certain findings, the factfinder might conclude that the allegations being made by Plaintiff must have been true. This would be improper as this conclusion would be based on considerations other than the facts of the case.

The fact that the investigative report may fall within the Rule 803 exception to the hearsay rule does not make it admissible per se. Rather this court has discretion to exclude this hearsay on other grounds, such as here, where the report's probative value is substantially outweighed by the danger of unfair prejudice. FRE 403. The cumulative effect of the investigative report as well as its potential prejudicial impact on the jury mandates that the investigative report not be allowed into evidence at trial. In addition, the investigative report, while thorough, did not unearth all the facts as have been learned through discovery in this litigation. The investigative report does not include all the facts and other

pertinent information that will be elicited at trial. Therefore, the investigative report will be confusing to the jury.

Moreover, any reference to information provided through the Internal Affairs investigative process would be extremely prejudicial to the individual defendants in this case and as said information is many times provided without constitutional protections under the terms of the SHOPO Collective Bargaining Agreement. In other words, there may be less constitutional protections built into the investigative process when it comes to gathering information from accused police officers during an internal investigation. Again, allowing this type of information to get into the hands of the factfinder would give rise to an unjust and prejudicial result.

Finally, the investigative report also contains references to the complaint of assault made by Plaintiff. To the extent that the investigative report has any reference to Plaintiff, it would be prejudicial and confusing. In the event that the Court allows the investigative report to be admitted at trial, all references to Plaintiff and his complaint must be redacted.

### B.  THE POLICE REPORT GENEREATED IN THIS CASE CONTAINS INADMISSIBLE HEARSAY.

Plaintiff has informed the City Defendants that he intends to make reference to, or admit into evidence, the police report which was generated as a result of the August 13, 2003 incident. Although referencing the fact that a police report was

generated would not be objectionable, any reference to the contents of said report would be inappropriate as the Police Report contains inadmissible hearsay. For the reasons stated above, the City Defendants objects to any reference to the content of the Police Report herein.

    C.    ANY EVIDENCE OF ANY OTHER UNRELATED INVESTIGATIONS AND/OR DISCIPLIANRY ACTION INVOLVING ANY OF THE INDIVIDUAL DEFENDANT SHOULD BE EXCLUDED AS WELL.

The issue in this case is whether any of the individual defendants had assaulted Plaintiff and/or violated Plaintiff's constitutional rights on or about August 13, 2003. Evidence of prior investigations of the individual defendants which relate to other incidents would result in extreme prejudice and would be irrelevant. The introduction or reference to any such evidence would merely suggest that the individual defendants had a history of discipline and, as such, may have committed the alleged wrong on August 13, 2003. Any such evidence would be irrelevant and not admissible pursuant to FRE Rule 402. FRE 404(b) would also preclude the admission of evidence of unrelated investigations and/or disciplinary actions to prove conformity with certain alleged actions.

Assuming, *arguendo*, that there is some probative value to the evidence of unrelated investigations and/or disciplinary action of any of the individual defendants in this case, such evidence should nonetheless be excluded pursuant to FRE Rule 403 as it would be highly prejudicial to the individual defendants. The

factfinder could improperly infer that because an officer had been investigated and/or disciplined in the past, that he was more likely to have committed the wrongs alleged by Plaintiff in this case.

## III.   CONCLUSION

Based on the foregoing, Defendants, City and County of Honolulu, Alan Rivers and Rick S.Y. Yi respectfully requests that the instant motion *in limine* be granted and that any party be precluded from presenting any evidence of the Police Report generated in this case, any evidence or documentation generated through the Internal Affairs investigation of the August 13, 2003 incident and/or any investigations and/or disciplinary proceedings which relate to other matters regarding any individual defendants in this case.

DATED:  Honolulu, Hawaii, February 28, 2008.

> CARRIE K.S. OKINAGA
> Corporation Counsel
>
> By   /S/Kate S. Metzger
>     KATE S. METZGER
>     D. SCOTT DODD
>     Deputies Corporation Counsel
>
>     Attorneys for Defendants
>     CITY AND COUNTY OF HONOLULU
>     ALAN RIVERS and RICK S.Y. YI