ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| LAWRENCE I. KAWASAKI | 5820 |
| DELLA A. BELATTI | 7945 |

820 Mililani Street, Suite 714
Honolulu, Hawai'i  96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ROBERT SOUZA, | ) | CIVIL NO. CV 04-00535 DAE/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S MEMORANDUM IN |
| | ) | OPPOSITION TO DEFENDANTS' |
| CITY AND COUNTY OF | ) | MOTIONS IN LIMINE NO. 1; |
| HONOLULU; HAROLD | ) | CERTIFICATE OF SERVICE |
| UEHARA, in his individual and | ) | |
| official capacity; ALAN RIVERS, | ) | |
| in his individual and official | ) | |
| capacity; RICK S.Y. YI, in his | ) | |
| individual and offical capacity; | ) | |
| AUGUST C. BELDEN, in his | ) | |
| individual and official capacity; | ) | Hearing: |
| JEREMY HARRIS, in his official | ) |     Date:  March 11, 2008 |
| capacity as Mayor; LEE | ) |     Time:  2:30 p.m. |
| DONOHUE in his individual and | ) |     Judge: Barry M. Kurren |
| official capacity as Police Chief; | ) | |
| TAVERN 515, INC. d.b.a. CLUB | ) | |
| YURAKUCHO; HARRY | ) | (Trial: March 18, 2008) |

| | |
|---|---|
| NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOES ENTITIES 1-10, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTIONS IN LIMINE NO. 1

I.  <u>Introduction</u>

Defendants Harold Uehara, City and County of Honolulu, Alan Rivers, and Rick S.Y. Yi seek to exclude evidence of (1) an incident/police report generated as a result of the August 13, 2003 incident; (2) any evidence regarding the Honolulu Police Department's Internal Affairs investigation regarding the August 13, 2003 incident, and; (3) any Internal Affairs investigations and/or other disciplinary proceedings of any of the individual defendants unrelated to the August 13, 2002 incident.  Plaintiff has no intention of offering evidence of any investigations and/or disciplinary proceedings which are unrelated to the August 13, 2003 incident, and submits that, for the reasons set forth below, Defendants' motions otherwise are without merit and should be denied.

II.   Evidence Defendants Seek to Exclude

    A.   Incident/Police Report

On August 15, 2003, after seeing his doctor for treatment for injuries he had sustained on the evening of August 13, 2003, Plaintiff made a complaint with the Honolulu Police Department about the conduct of the officers who had caused and/or contributed to those injuries.  As a result "Incident Report 03-321-252" was generated consisting of Plaintiff's verbal report of the circumstances surrounding the August 13, 2003 incident, treatment he received for his injuries, and a Physician's Report from Plaintiff's dentist regarding injuries suffered by Plaintiff as a result of the August 13, 2003 incident.

    b.   Internal Affairs Investigation

It is undisputed that on or about August 28, 2003 an investigation was launched into Plaintiff's complaint by the Internal Affairs Division.  In connection therewith Plaintiff submitted a written complaint dated November 1, 2003 along with the transcript of a tape recorded interview of him taken by an Internal Affairs Investigator on September 12, 2003.

In connection with its investigation, Internal Affairs transcribed its taped interviews of Harry Nakaki, the proprietor of Club L'Uraku, where the alleged incident occurred, conducted on September 9, 2003 and January 22, 2004.

Defendant Rick Yi submitted a "To/From" report to Internal Affairs on this matter dated December 9, 2003, and Internal Affairs transcribed its taped interview of Defendant Yi conducted on January 14, 2004. Defendant Alan Rivers also submitted a "To/From" report to Internal Affairs on this matter dated December 9, 2003, and Internal Affairs transcribed its taped interview of Defendant Rivers conducted on January 14, 2004. Officer August Belden submitted a "To/From" report to Internal Affairs regarding his observations of the events in this matter dated December 17, 2003, and Internal Affairs has transcribed its taped interview of Officer Belden conducted on February 3, 2004. Defendant Uehera also submitted a "To/From" report to Internal Affairs on this matter dated December 24, 2003, and Internal Affairs transcribed its taped interview of Defendant Uehara conducted on January 22, 2004.

III.    Argument

Plaintiff submits that to the extent that "Incident Report 03-321-252" includes admissible prior statements of witnesses such evidence is not hearsay pursuant to Rule 801(d)(1)(B), FRE.

With respect to evidence regarding the Honolulu Police Department's Internal Affairs investigation, Plaintiff submits that Defendants' reliance on Maddox v. City and County of Los Angeles, 792 F.2d 1408 (9th Cir. 1986) is

misplaced because there the defendant/officer's admission that he had violated the City's policy on the use of a choke hold on the defendant was excluded as evidence of the defendant/officer's liability under Rule 403, FRE, because there already was substantial evidence that the City had issued a moratorium on the choke hold use two months <u>prior</u> to the incident.

Here the Defendants are seeking to exclude the transcripts of taped interviews of Harry Nakaki conducted by Internal Affairs on September 9, 2003 and January 22, 2004 and the "To/From" report of Officer August Belden and the transcript of his taped interview on February 3, 2004 conducted by Internal Affairs all of which are directly related to the August 13, 2003 incident. Plaintiff submits that all of this evidence is relevant and thus admissible as prior statements of a witness pursuant to Rules 801(d)(1), 613, FRE and/or recorded recollections pursuant to Rule 803(5), FRE.

In addition, Defendants' motions would exclude "To/From" reports and transcripts of taped interviews of Defendants Rick Yi and Alan Rivers which are directly related to the August 13, 2003 incident. Plaintiff submits that this evidence is similarly relevant and admissible pursuant to Rules 801(d)(1), 801(d)(2)(A), 613, and/or 803(5), FRE.

IV.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny the instant motions without prejudice to Defendants raising them at trial if and when the above evidence is offered.

DATED:   Honolulu, Hawaii, March 4, 2008            .


 /s/ Eric A. Seitz
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| ROBERT SOUZA, | ) | CIVIL NO. CV 04-00535 DAE/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| CITY AND COUNTY OF HONOLULU; HAROLD UEHARA, in his individual and official capacity; ALAN RIVERS, in his individual and official capacity; RICK S.Y. YI, in his individual and offical capacity; AUGUST C. BELDEN, in his individual and official capacity; JEREMY HARRIS, in his official capacity as Mayor; LEE DONOHUE in his individual and official capacity as Police Chief; TAVERN 515, INC. d.b.a. CLUB YURAKUCHO; HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOES ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date to the following at the address listed below:

CARRIE K.S. OKINAGA, ESQ.   (Via CM/ECF)
D. SCOTT DODD, ESQ.
Department of the Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii 96813
E-mail: dsdodd@honolulu.gov

Attorneys for Defendants
CITY AND COUNTY OF HONOLULU,
ALAN RIVERS, RICK S.Y. YI, and
AUGUST C. BELDEN


CARY T. TANAKA, ESQ.   (Via CM/ECF)
DIANE K. AGOR-OTAKE, ESQ.
Suite 510, Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
E-mail: carytanaka@aol.com

Attorneys for Defendant
HAROLD UEHARA

DATED: Honolulu, Hawaii,  March 4, 2008         .


    /s/ Eric A. Seitz
   ERIC A. SEITZ

2