LAW OFFICES OF CARY T. TANAKA

CARY T. TANAKA        4858-0
DIANE K. AGOR-OTAKE 7751-0
Suite 510 Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Telephone:  536-8885
email:  carytanaka@aol.com
        dka@hawaii.rr.com

Attorneys for Defendant
HAROLD UEHARA


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| ROBERT SOUZA,                    )<br>                                  )<br>            Plaintiff,            )<br>                                  )<br>     vs.                          )<br>                                  )<br>CITY AND COUNTY OF HONOLULU;      )<br>HAROLD UEHARA, in his             )<br>individual and official           )<br>capacity, ALAN RIVERS, in his     )<br>individual and official           )<br>capacity; RICK S.Y. YI, in        )<br>his individual and official       )<br>capacity; AUGUST C. BELDEN,       )<br>in his individual and             )<br>official capacity; JEREMY         )<br>HARRIS, in his official           )<br>capacity as Mayor; LEE            )<br>DONOHUE, in his individual        )<br>and official capacity as          )<br>Police Chief; TAVERN 515,         )<br>INC. d.b.a. CLUB YURAKUCHO,       )<br>HARRY NAKAKI; JOHN AND JANE       )<br>DOES 1-10; DOE PARTNERSHIPS       )<br>1-10; DOE CORPORATIONS 1-10;      )<br>and OTHER DOE ENTITIES 1-10,      )<br>                                  )<br>            Defendants.           )<br>_____)  | CIVIL NO. CV 04-00535 BMK<br>(Other Civil Rights)<br><br>DEFENDANT HAROLD UEHARA'S<br>MEMORANDUM IN OPPOSITION TO<br>PLAINTIFF'S MOTION TO QUASH<br>SUBPOENAS OF LYNNE GRIECO,<br>M.D., AND JENNIFER PANG, M.D.<br>FILED ON MARCH 7, 2008;<br>CERTIFICATE OF SERVICE<br><br><br>HEARING DATE:   MARCH 11, 2008<br>TIME:           2:30 P.M.<br>MAGISTRATE JUDGE BARRY KURREN<br><br><br><br><br><br><br><br><br><br>TRIAL DATE:  MARCH 18, 2008 |

DEFENDANT HAROLD UEHARA'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH SUBPOENAS OF LYNNE GRIECO,
M.D., AND JENNIFER PANG, M.D. FILED ON MARCH 7, 2008

I.   ARGUMENT

In the instant case, Plaintiff is asserting a claim for damages for pain and suffering he experienced in his neck, shoulder and back which were allegedly directly related to an alleged altercation on August 13, 2003.  Plaintiff is requesting that this Honorable Court quash a number of trial subpoenas which have been issued to a number of doctors who had provided care to Plaintiff for his injuries herein.

Plaintiff asserts that the subpoenas which have been issued to Kaiser Permanente physicians, Drs. Lynne Grieco and Jennifer Pang should be quashed as their testimony at trial would not be relevant in this case.  In pursuing this argument, Plaintiff sets forth that Dr. Grieco's treatment of Plaintiff should be deemed irrelevant as she treated him for injuries he sustained about a year after the August 13, 2003 alleged altercation.  With regard to Dr. Pang's testimony, Plaintiff argues that her testimony should be deemed irrelevant and/or cumulative as the parties have already stipulated to the authenticity of the Kaiser medical records and therefore there should be no need to have her testify live.  For the reasons set forth below, Plaintiff's Motion to Quash should be denied.

    A.    <u>THE TESTIMONY OF DR. GRIECO IS RELEVANT AS TO THE PAIN AND SUFFERING SUFFERED BY PLAINTIFF DUE TO A SUBSEQUENT NECK AND BACK INJURY</u>

It is true that Dr. Grieco did not treat Plaintiff until approximately a year after the alleged August 13, 2003 altercation. The medical records do, however, reveal that Dr. Grieco was one of the treating physicians who did provide services to Plaintiff for injuries he sustained when he fell into an empty swimming pool approximately one year later. The medical records further suggest that, as a result of the pool accident, Plaintiff sustained a number of fractured bones and had complained of aggravated pain in his neck and lower back. The Kaiser records further suggest that Plaintiff had complained of a dramatic aggravation of his back symptoms after this accident.

Testimony which relates to issues of apportionment of damages is certainly relevant. As Dr. Grieco was one of Plaintiff's treating physicians for the subsequent accident, her testimony regarding his complaints of neck and lower back pain is certainly relevant with regard to the issue of apportionment of damages herein. Plaintiff's motion with regard to her testimony should be denied.

    B.    <u>THE PARTIES HAVE NOT STIPULATED TO THE ADMISSIBILITY OF ANY OF THE KAISER MEDICAL RECORDS IN THIS CASE.</u>

It is true that the parties have stipulated to a number of evidentiary items in anticipation of the upcoming March 18, 2008

trial.  One of the agreements entered into by the parties relates to the authenticity of all medical records which have been identified as proposed trial exhibits.  Pursuant to this agreement, the parties have agreed to dispense with the burden of having to call custodians of record to testify as to the authenticity of all medical records which have been identified as proposed exhibits.

Plaintiff apparently assumes that, since there is an agreement that the records are authentic, there is no need to have anyone testify as to the substance of the records and that they will be automatically admitted into evidence at trial.  The parties have not stipulated to the admissibility of any of the medical records in this case.  On the contrary, it has always been the position of the defendants that the issue of admissibility and/or the reasonable and necessary nature of all treatment would be reserved for trial.  It is therefore incumbent upon any party to have the appropriate witness present to establish foundation for the subject medical records and to testify, if appropriate, as to its contents before moving said record(s) into evidence.

Our review of the records indicate that Dr. Pang was one of Plaintiff's treating physicians who documented Plaintiff's complaints of pain and suffering, as well as the method in which he medicated himself for his discomfort after the August 13, 2003

incident.  Dr. Pang's records and testimony are certainly relevant as to the issue of pain and suffering allegedly suffered by Plaintiff.

II. CONCLUSION

For the reasons set forth above, as well as the record and file herein, Defendants hereby respectfully request that Plaintiff's Motion to Quash Subpoenas of Lynne Grieco, M.D. and Jennifer Pang, M.D. be denied.

DATED:   Honolulu, Hawaii, March 10, 2008.

                              /s/ Cary T. Tanaka
                              CARY T. TANAKA
                              DIANE K. AGOR-OTAKE
                              Attorneys for Defendant
                              HAROLD UEHARA