CARRIE K.S. OKINAGA, 5958
Corporation Counsel

D. SCOTT DODD, 6811
KATE S. METZGER, 8589
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4890/(808) 527-6837
Facsimile:   (808) 523-4583
Email:  dsdodd@honolulu.gov/kmetzger@honolulu.gov

Attorneys for Defendants
City and County of Honolulu,
Alan Rivers, Rick S.Y. Yi and
August C. Belden

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT SOUZA, | Civil No. CV04 00535 DAE BMK |
| | (Other Civil Rights) |
| Plaintiff, | |
| | DEFENDANTS CITY AND COUNTY |
| vs. | OF HONOLULU, ALAN RIVERS |
| | AND RICK S.Y. YI'S |
| CITY AND COUNTY OF | MEMORANDUM IN OPPOSITION |
| HONOLULU; HAROLD UEHARA, in | TO PLAINTIFF'S MOTION TO |
| his individual and official capacity, | QUASH SUBPOENAS OF LYNNE |
| ALAN RIVERS, in his individual and | GREICO, M.D., AND JENNIFER |
| official capacity; RICK S.Y. YI, in his | PANG, M.D. FILED ON MARCH 7, |
| individual and official capacity; | 2008; CERTIFICATE OF SERVICE |
| AUGUST C. BELDEN, in his | |
| individual and official capacity, | |
| JEREMY HARRIS, in his official | |
| capacity as Mayor; LEE DONOHUE in | |
| his individual and official capacity as | TRIAL DATE:  MARCH 18, 2008 |
| Police Chief; TAVERN 515, INC. d.b.a.) | |

| | |
|---|---|
| CLUB YURAKUCHO, HARRY NAKAKI; JOHN AND JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; and OTHER DOE ENTITIES 1-10,<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) |

DEFENDANTS CITY AND COUNTY OF HONOLULU, ALAN RIVERS AND RICK S.Y. YI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS OF LYNNE GREICO, M.D., AND JENNIFER PANG, M.D. FILED ON MARCH 7, 2008

## I. INTRODUCTION

On March 7, 2008, Plaintiff filed a motion to quash subpoenas issued by Defendant Harold Uehara ("Uehara") for Lynne Greico, M.D., and Jennifer Pang, M.D. to appear and testify in the trial of this case. Defendants City and County of Honolulu ("City"), Alan Rivers ("Rivers") and Rick S.Y. Yi ("Yi") (hereinafter collectively referred to as "City Defendants"), by and through their attorneys, Carrie K.S. Okinaga, Corporation Counsel and D. Scott Dodd and Kate S. Metzger, Deputies Corporation Counsel, oppose Plaintiff's motion to quash.

## II. ARGUMENT

### A. The Testimony is Relevant

Plaintiff is asserting a claim for damages for pain and suffering in his neck, shoulder and back which he claims were due to the events which occurred between him and defendants Uehara, Rivers and Yi on August 13, 2003. Plaintiff baldly

asserts that there is no evidence that Dr. Greico provided "any medical treatment to Plaintiff during the 'effective' time period". Plaintiff then claims that a subsequent injury he suffered on August 4, 2004 when he fell into an empty swimming pool and suffered numerous fractures is "entirely unrelated to this case." Plaintiff fails to mention that in the August 4, 2004 incident, he suffered injuries which apparently dramatically aggravated his back problems for which he is claiming damages in this lawsuit.

As noted by defendant Uehara, if nothing else, Dr. Greico's testimony on apportionment of damages is entirely relevant. Dr. Greico treated Plaintiff for the injuries he sustained in the August 4, 2004 incident, therefore the testimony is directly relevant to how much of Plaintiff's pain is actually due to the damages allegedly suffered due to the incident in this lawsuit versus those suffered due to the subsequent injury.

Further, the City Defendants believe that Dr. Pang was one of Plaintiff's treating physicians who observed and treated Plaintiff's complaints of pain and suffering after the August 13, 2003 incident. Dr. Pang's testimony is relevant to Plaintiff's claims of pain and suffering in this lawsuit.

    B.    There is No Agreement Regarding Admissibility of Plaintiff's Medical Records

The parties have stipulated to the authenticity of Plaintiff's medical records. This was done to relieve counsel of the requirement of proving that the medical

records produced in discovery are authentic.  However, the parties have NOT stipulated to the admissibility of Plaintiff's medical records.  It is the position of the City Defendants that Plaintiff would have to show that any treatment for which he is claiming damages was reasonable and necessary, and related to the August 13, 2003 incident.  Without such foundation, the City Defendants object to the admissibility of any of Plaintiff's medical records.

     DATED:  Honolulu, Hawaii, March 10, 2008.

                       CARRIE K.S. OKINAGA
                       Corporation Counsel


                       By   /s/D. Scott Dodd
                           D. SCOTT DODD
                           KATE S. METZGER
                           Deputies Corporation Counsel

                           Attorneys for City Defendants
                           CITY AND COUNTY OF HONOLULU
                           ALAN RIVERS and RICK S.Y. YI